DATRONIC RENTAL CORPORATION, Plaintiff-Appellant,

v.

DeSOL, INC., f/d/b/a Avion Travel and Jacqueline P. Solsvig, Defendant-Respondent.

Court of Appeals

*No. 91-0840-FT. Submitted on briefs July 5, 1991.—Decided August 20, 1991.*

(Also reported in 474 N.W.2d 780.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Einar E. Hanson, Faegre & Benson,* of Minneapolis, Minnesota.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Timothy P. Tobin, Gislason, Dosland, Hunter & Malecki,* of Minnetonka, Minnesota.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Datronic Rental Corporation appeals an order vacating an out-of-state judgment docketed in St. Croix County. Datronic contends that the trial court erred by granting a motion to vacate based on an alleged lack of personal jurisdiction in Illinois because a valid

consent to jurisdiction clause in the lease agreement between Datronic and DeSol, Inc., conferred jurisdiction on the Illinois court. Datronic also contends that there was no evidentiary basis upon which the trial court could make a finding that the consent to jurisdiction provision in the lease was unenforceable for reasons of unconscionability. We agree with Datronic's contentions and reverse the order vacating the judgment.

DeSol is a corporation owned by Judy Dean and Jacqueline Solsvig. DeSol operated a bar and restaurant called the Starlight Express in Somerset, Wisconsin. In June of 1988, DeSol contacted R-Line Equipment in Eagle River, Wisconsin, to obtain a walk-in cooler for the restaurant. Financing arrangements for the cooler were made with Datronic, an Illinois corporation. The financing package involved a lease agreement, whereby DeSol would lease the cooler from Datronic. The lease provides that the lessee, DeSol, consents to the jurisdiction of the Illinois courts.

Approximately one year after the lease was entered into, DeSol defaulted on the lease by failing to make its monthly payments as required in the agreement. Accordingly, Datronic commenced an action for breach of the lease in Cook County, Illinois. DeSol and Solsvig were personally served advising them of the Illinois litigation, but neither made an appearance. Ultimately, the Illinois court entered a default judgment against them. Datronic filed the judgment in St. Croix County. Consequently, DeSol and Solsvig brought a motion to vacate the judgment.

■

DeSol's motion to vacate the judgment was based on allegations that the Illinois judgment was void for lack of personal jurisdiction over the defendants. If the Illinois court lacked personal jurisdiction, the judgment is void.

*Pettygrove v. Pettygrove,* 132 Wis. 2d 456, 461, 393 N.W.2d 116, 119 (Ct. App. 1986). Under sec. 806.07(1)(d), Stats., the trial court may exercise its discretion to vacate a void judgment. We will reverse a trial court's determination under sec. 806.07 only if we find an abuse of discretion. A misapplication or erroneous view of the law is an abuse of discretion. *State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968). Whether the Illinois court validly exercised jurisdiction pursuant to a consent to jurisdiction clause in the lease is a question of law that we review de novo. *Capitol Fixture & Woodworking Group v. Woodma Distributors,* 147 Wis. 2d 157, 160, 432 N.W.2d 647, 649 (Ct. App. 1988).

Because the Illinois court had personal jurisdiction over the parties pursuant to the consent to jurisdiction clause in the lease, the trial court abused its discretion when it granted the motion to vacate based on a lack of personal jurisdiction. The lease between DeSol and Datronic contained a clause providing that DeSol consented to personal jurisdiction in the Illinois courts. Personal jurisdiction can be conferred by consent. *Cudahy v. DOR,* 66 Wis. 2d 253, 260, 224 N.W.2d 570, 573 (1974). Therefore, consent to jurisdiction clauses are enforceable in Wisconsin.[1] Thus, the consent to jurisdiction clause in the lease was sufficient to confer jurisdiction over the parties on the Illinois court.

DeSol claims, however, that the consent to jurisdiction clause in this case does not satisfy due process standards. DeSol alleges that because it had no contact with Illinois, aside from the consent to jurisdiction clause, the

---

[1]These clauses are also valid in Illinois. *See National Equip. Rental, Ltd. v. Polyphasic Health Systems,* 490 N.E.2d 42, 44 (Ill. App. Ct. 1986).

Illinois court's exercise of jurisdiction does not meet the "minimum contacts" requirement in *Shaffer v. Heitner,* 433 U.S. 186 (1977). Assuming for the sake of argument that DeSol had no other contacts with Illinois, that fact is not dispositive of this issue. While assertions of jurisdiction by a state court must meet the "minimum contacts" standard to comply with due process, the consent to jurisdiction provision in the lease provides the necessary minimum contacts. *See National Equip. Rental v. Polyphasic Health Systems, Inc.,* 490 N.E.2d 42, 45 (Ill. App. Ct. 1986).

DeSol also argues that the enforcement of the consent to jurisdiction clause is unconscionable and, therefore, the clause could not provide a basis for the Illinois courts to exercise jurisdiction. DeSol makes broad allegations of unequal bargaining power to support its contention that the clause is unconscionable, and asserts that the entire contract contains terms unfavorable to DeSol as lessee.

In *Discount Fabric House v. Wisconsin Tel. Co.,* 117 Wis. 2d 587, 345 N.W.2d 417 (1984), the Wisconsin Supreme Court discussed the issue of unconscionability in contracts. Quoting at length and with approval *Allen v. Michigan Bell Tel. Co.,* 171 N.W.2d 689, 692–94 (Mich. Ct. App. 1969), the court approved the following language to assist courts grappling with questions of unconscionability:

> There are then two inquiries in a case such as this: (1) What is the relative bargaining power of the parties, their relative economic strength, the alternative sources of supply, in a word, what are their options?; (2) Is the challenged term substantively reasonable?
>
> "Unconscionability has generally been recognized to include an absence of meaningful choice on the part

of one of the parties together with contract terms which are unreasonably favorable to the other party." *Williams v. Walker-Thomas Furniture Company* (1965), 121 App. D.C. 315, (350 F.2d 445, 449, 18 A.L.R.3d 1297).

Thus, merely because the parties have different options or bargaining power, unequal or wholly out of proportion to each other, does not mean that the agreement of one of the parties to a term of a contract will not be enforced against him; if the term is substantively reasonable it will be enforced. By like token, if the provision is substantively unreasonable, it may not be enforced without regard to the relative bargaining power of the contracting parties.

*Discount Fabric House,* 117 Wis. 2d at 601, 345 N.W.2d at 424. Thus, an evidentiary hearing is required to enable the court to make the necessary findings of fact to support a conclusion that a clause is unconscionable. Because no such hearing was held in this case, there is no evidentiary basis to support DeSol's claim that the consent to jurisdiction provision in the lease is unenforceable for reasons of unconscionability. Without this factual basis, the trial court could not refuse to enforce the consent to jurisdiction clause in the lease. Therefore, DeSol's claims of unconscionability do not support the court's order vacating the Illinois judgment.

Based on the foregoing analysis, we conclude that the Illinois court had jurisdiction over DeSol by virtue of the consent to jurisdiction provision in the lease agreement executed by DeSol. Furthermore, there was no evidentiary basis upon which the trial court could reach the conclusion that the consent to jurisdiction provision was invalid for reasons of unconscionability. Therefore, the trial court abused its discretion when it granted the motion to vacate based on allegations that the Illinois

court lacked jurisdiction over the parties. Accordingly, the order vacating the judgment is reversed, and the cause is remanded with directions to reinstate the judgment. The trial court upon remand should determine whether the issue of unconscionability is before it and if it is it may proceed appropriately to litigate the issue.

*By the Court.*—Order reversed and cause remanded with directions.