LEASEFIRST, Plaintiff-Appellant,†

v.

HARTFORD REXALL DRUGS, INC., and Jack D. Reinholz, Defendants-Respondents.

Court of Appeals

*No. 91-2446-FT. Submitted on briefs January 22, 1992.—Decided February 26, 1992.*

(Also reported in 483 N.W.2d 585.)

† Petition to review denied.

On behalf of plaintiff-appellant the cause was submitted on the briefs of *Roland L. Pieper* of *Schuman & Pieper* of Glendale.

On behalf of defendants-respondents the cause was submitted on the brief of *James W. Mohr, Jr.* of *Mohr, Anderson & McClurg, S.C.* of Hartford.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. Leasefirst appeals from an order granting relief from a Michigan court judgment docketed in Wisconsin pursuant to sec. 806.24, Stats. Leasefirst argues that the Michigan judgment is not void because the Michigan court had personal jurisdiction over Jack D. Reinholz and Hartford Rexall Drugs, Inc. (Reinholz collectively) due to an enforceable forum selection clause. We conclude that the clause is unconscionable, and we affirm the order granting relief from the Michigan judgment.

A salesperson approached Reinholz at the Hartford Rexall Drugs store to sell a video review machine distributed by Disc Information Systems Corp. of Ann Arbor, Michigan. Reinholz entered into a three-year lease contract for the machine with Leasefirst. The contract contained a forum selection clause whereby Reinholz submitted to Michigan or any other state's court that Leasehold selects in the event of a contract dispute.[1] Reinholz had the right to return the machine within six

---

[1]The clause was written in approximately 6.5 point type. For comparison, the point size in the body of a Wisconsin Court of

months if he decided that it was not improving his video rental business. Reinholz exercised his option to return the machine within the six-month period. Disc Information Systems accepted the machine's return.

Subsequently, Leasefirst commenced an action in Michigan for breach of contract against Reinholz.

Appeals decision is 12.5 point type. As it stands in the contract, the clause reads and appears as follows:

4. CONSENT TO MICHIGAN LAW, JURISDICTION, VENUE, AND NON-JURY TRIAL. In consideration of the lease rates and other valuable consideration, Lessee . . . consent[s], agree[s], and stipulate[s] that . . . in any action proceeding, or appeal on any matter related to or arising out of this Lease, the Lessor, Lessee . . . 1) SHALL BE SUBJECT TO THE PERSONAL JURISDICTION OF THE STATE OF MICHIGAN OR ANY STATE SELECTED BY LESSOR OR ITS ASSIGNEE WHERE THEY DO BUSINESS including any state or federal court sitting therein, and all court rules thereof; 2) SHALL ACCEPT VENUE IN ANY FEDERAL OR STATE COURT SELECTED BY LESSOR OR ITS ASSIGNEE; and 3) EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY so that trial shall be by and only to the court selected by lessor or its assignee. (Emphasis in original.)

The same clause, in 12.5 point type, reads:

4. CONSENT TO MICHIGAN LAW, JURISDICTION, VENUE, AND NON-JURY TRIAL. In consideration of the lease rates and other valuable consideration, Lessee . . . consent[s], agree[s], and stipulate[s] that . . . in any action proceeding, or appeal on any matter related to or arising out of this Lease, the Lessor, Lessee . . . 1) SHALL BE SUBJECT TO THE PERSONAL JURISDICTION OF THE STATE OF MICHIGAN OR ANY STATE SELECTED BY LESSOR OR ITS ASSIGNEE WHERE THEY DO BUSINESS including any state or federal court sitting therein, and all court rules thereof; 2) SHALL ACCEPT VENUE IN ANY FEDERAL OR STATE COURT SELECTED BY LESSOR OR ITS ASSIGNEE; and 3) EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY so that trial shall be by and only to the court selected by lessor or its assignee. (Emphasis in original.)

Reinholz did not appear in the Michigan court and a default judgment was entered against him for $5897.19. After the judgment was docketed in Wisconsin and Leasefirst sought to enforce it, Reinholz moved the trial court to grant relief from the judgment pursuant to sec. 806.07(1)(d), Stats. After an evidentiary hearing, the trial court concluded that the clause was not enforceable. The trial court granted Reinholz's motion.

The Michigan judgment is void if the Michigan court lacked personal jurisdiction. *See Datronic Rental Corp. v. DeSol, Inc.,* 164 Wis. 2d 289, 291, 474 N.W.2d 780, 781 (Ct. App. 1991). Section 806.07(1)(d), Stats., gives the trial court discretion to grant relief from a void judgment. We will reverse a trial court's determination under sec. 806.07 only if we find an abuse of discretion. *Datronic,* 164 Wis. 2d at 292, 474 N.W.2d at 781. A misapplication or erroneous view of the law is an abuse of discretion. *Id.*

The rule of law in Wisconsin is that a forum selection clause is enforceable unless the contract provision is substantively unreasonable in view of the bargaining power of the parties. *See id.* at 292, 294, 474 N.W.2d at 781, 782; *see also Discount Fabric House, Inc. v. Wisconsin Tel. Co.,* 117 Wis. 2d 587, 601, 345 N.W.2d 417, 424 (1984). The conclusion that a contract clause is or is not valid involves determinations of fact and law. *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357, 361 (1983). An evidentiary hearing is required to enable the court to make the necessary factual findings to support a conclusion that a clause is unconscionable.[2]

---

[2]Leasefirst states in its brief that unconscionability was not raised in this case and could not be raised in this case because the "lease contract in this case is a simple 2 page straight forward

*Datronic,* 164 Wis. 2d at 294, 474 N.W.2d at 782.

The trial court conducted a hearing and the only witness was Reinholz. The trial court found that there were no discussions or negotiations over the forum selection clause. The salesperson did not explain clearly that the lease agreement was with a different party than the distributor of the machine. The trial court noted that the print was very small and found that Reinholz did not read the clause. These findings are not clearly erroneous. Section 805.17(2), Stats.

The Wisconsin Supreme Court treats unconscionability as an issue of law subject to independent appellate determination. *See Discount Fabric House,* 117 Wis. 2d at 602, 345 N.W.2d at 424–25. In cases where the trial court's legal conclusion is so intertwined with the factual findings, as here, this court will give weight to the trial court's decision. *See Wassenaar,* 111 Wis. 2d at 525, 331 N.W.2d at 361. We agree with the trial court and conclude that the clause is unconscionable.

Generally, unconscionability means the absence of a meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party. *Discount Fabric House,* 117 Wis. 2d at 601, 345 N.W.2d at 424. The supreme court has adopted the factors of procedural and substantive unconscionability. *See id.* at 602, 345 N.W.2d at 424–25. Procedural unconscionability relates to factors bearing on the meet-

---

[sic] financing document." Although the proceedings in the trial court did not explicitly label the issue as unconscionability, that was the issue addressed and decided by the trial court. Furthermore, the fact that the lease was a simple, two-page straightforward document does not resolve the issue whether the content of a particular provision is unconscionable.

ing of the minds of the contracting parties; substantive unconscionability pertains to the reasonableness of the contract terms themselves. *Id.* at 602, 345 N.W.2d at 425. The balance tips in favor of unconscionability when there is a certain quantum of procedural plus a certain quantum of substantive unconscionability. *Id.*

We conclude that the balance tips in favor of unconscionability. There is procedural unconscionability here because the clause was not explained or even mentioned by the salesperson. The clause was written in small print. Reinholz did not read it. The salesperson did not completely disclose the number of parties involved in the transaction or their relationship to each other. From these trial court findings, we conclude that the existence of the clause and its effect came as a surprise to Reinholz.

This clause is different than other forum selection clauses where both parties accept a specific forum with the intention of utilizing that forum's neutrality and experience in a particular area of the law, and where the clause is a vital part of the contract and its consideration results from extensive negotiations. *See, e.g., M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 13–14 (1972).

There also is a quantum of substantive unconscionability in the clause itself. The uncontemplated inconvenience caused by the clause is a factor in deciding whether the clause is unreasonable. *See id.* The clause gives Leasefirst the exclusive and absolute right to pick any forum where Leasefirst does business. We agree with the trial court that this could lead to a considerable

inconvenience and expense for Reinholz.[3]

Therefore, we conclude that the trial court correctly concluded that the forum selection clause was unconscionable and unenforceable. Therefore, the trial court did not abuse its discretion in granting relief from the Michigan judgment for lack of personal jurisdiction.

*By the Court.*—Order affirmed.

---

[3]The trial court cited, for example, Hawaii as a possible forum if Leasefirst did business in Hawaii.