KOHLER COMPANY, Plaintiff-Respondent,

v.

Ben WIXEN and Francine A. Wixen, Defendants-Appellants.

Court of Appeals

*No. 95–2977. Submitted on briefs July 15, 1996.—Decided September 4, 1996.*

(Also reported in 555 N.W.2d 640.)

329

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Robert C. Hahn* of *Holden & Hahn, S.C.* of Sheboygan.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Stephen M. Seymour* of *Halvorsen, Buesing & Seymour, S.C.* of Sheboygan.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J.   Ben and Francine A. Wixen appeal from a judgment requiring them to fulfill the obligations of a personal guaranty by making remuneration for their corporate debt to the Kohler Company. On appeal, the Wixens contend that the "forum selection" clause in the guaranty was insufficient to confer personal jurisdiction over them. Alternatively, the Wixens argue that the guaranty was limited to one year from the date of execution, and consequently was not in effect at the commencement of this action. We conclude that the forum selection clause memorialized the Wixens' consent to personal jurisdiction in any Wisconsin court capable of exercising subject matter jurisdiction. We also find sufficient grounds to support the jury's finding that the guaranty was not limited to one year. Accordingly, we affirm.

The Kohler Company is a manufacturer of plumbing products and fixtures based in Kohler, Wisconsin. Ben was the president and principal owner of Wixen Pipe and Supply Company located in California. Francine was the secretary of the corporation. Wixen Pipe and Kohler entered into a distributorship agreement whereby Kohler supplied Wixen Pipe with plumbing products for sale in California. At some point during the course of the distributorship, Wixen Pipe began having financial difficulties. Subsequently, Kohler requested assurance of payment for the products it supplied to Wixen Pipe on credit.

On November 21, 1990, the Wixens executed an "Unconditional Guarantee" with which they personally guaranteed payment for any debt owed to Kohler.

Kohler drafted the guaranty, which included the following provision:

> Legal rights and obligations hereunder shall be determined in accordance with the laws of the State of Wisconsin, and the undersigned hereby agree that the venue for all actions initiated hereunder shall be the court of competent jurisdiction within the State of Wisconsin.

Prior to accepting Kohler's draft of the guaranty, Ben added additional language via an attached letter which enumerated two conditions. Specifically, one condition limited the guaranty to "one (1) full year from the date of execution." This guaranty, including this amendment, was subsequently accepted by both parties.

During the following year, Wixen Pipe remained indebted to Kohler. Prior to the expiration of the first guaranty, Kohler requested a second personal guaranty. Kohler prepared another "Unconditional Guarantee" containing the same language as in the first draft. The parties discussed limiting this guaranty to one year as in the original guaranty. However, no such agreement was consummated either verbally or in a separate written document. On November 5, 1991, the parties executed the second guaranty.

Throughout the following year, Wixen Pipe continued to receive Kohler products on credit. Kohler did not make any further requests for assurance of payment of the debt and continued to extend credit to Wixen Pipe until March 1993. Wixen Pipe subsequently filed for bankruptcy protection. Kohler then demanded payment of all of Wixen Pipe's debt under the second personal guaranty. When the Wixens

failed to make payments on their debt, Kohler filed suit in Sheboygan County against both Ben and Francine.

The trial court held a separate evidentiary hearing in which it determined that the forum selection clause was legally sufficient to confer personal jurisdiction over the Wixens to the court, barring a finding of unconscionability. A second hearing found the clause not to be unconscionable. At trial, the Wixens argued that because the original guaranty was limited to one year, the second guaranty was also limited to one year. A jury found in favor of Kohler. From these findings, the Wixens appeal.

On appeal, the Wixens first contend that the language used in the forum selection clause did not confer personal jurisdiction over them to the trial court. The relevant language provides that the parties "agree that the venue for all actions initiated hereunder shall be the court of competent jurisdiction within the State of Wisconsin." They submit that the forum selection clause is ambiguous and, in particular, point to the phrase "the court of competent jurisdiction." They argue that this phrase should be interpreted as binding them to submit to the jurisdiction of any Wisconsin court that has subject matter jurisdiction and *can obtain* personal jurisdiction over them.

Kohler maintains that the forum selection clause should be interpreted as *conferring* personal jurisdiction over the Wixens to any Wisconsin court with the proper authority to adjudge issues relating to the personal guaranty.

■

Issues of personal jurisdiction are questions of law which we review de novo. *Landreman v. Martin*, 191 Wis. 2d 787, 798, 530 N.W.2d 62, 66 (Ct. App. 1995).

334

The parties are in agreement that absent the Wixens' consent, there is no independent basis for the trial court's exercise of personal jurisdiction over the Wixens. Therefore, whether the trial court had personal jurisdiction over the Wixens depends upon whether the forum selection clause can be interpreted as consenting to personal jurisdiction in Wisconsin.

The initial step in the analysis is to determine whether the forum selection clause is ambiguous. This is a question of law which we review independently. *Wausau Underwriters Ins. Co. v. Dane County*, 142 Wis. 2d 315, 322, 417 N.W.2d 914, 916 (Ct. App. 1987). The parties put forth two possible constructions for the clause—that it confers personal jurisdiction over the Wixens in any Wisconsin court that is competent to hear the case, or that it memorializes the Wixens' agreement to appear in any Wisconsin court that can obtain personal jurisdiction over them. Any contract provision that is reasonably susceptible to more than one construction is ambiguous. *Wausau Joint Venture v. Redevelopment Auth.*, 118 Wis. 2d 50, 58, 347 N.W.2d 604, 608 (Ct. App. 1984). We conclude that the clause is ambiguous.

When interpreting ambiguous provisions of a contract, the court must select a construction which gives effect to each part of the contract and reject constructions resulting in surplusage or unreasonable results. *Id.* Also, when construing ambiguous contractual language, we must give effect to the true intentions of the parties. *See Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621, 624 (1992). We must consider all language included in the forum selection clause, as well as the document as a whole. *See Crown*

335

*Life Ins. Co. v. LaBonte,* 111 Wis. 2d 26, 36, 330 N.W.2d 201, 206 (1983); *see also DOR v. United States Shoe Corp.,* 158 Wis. 2d 123, 128, 462 N.W.2d 233, 235 (Ct. App. 1990).

In order to construe the language of the forum selection clause, we first consider the interrelationship between personal jurisdiction, subject matter jurisdiction and competency. Personal jurisdiction allows a court with the requisite power to exercise its subject matter jurisdiction to enter a judgment in personam against an individual party. *See* § 801.04(2), STATS. In Wisconsin, courts may obtain personal jurisdiction over a party through any one or more of the grounds stated in Wisconsin's long-arm statute, § 801.05, STATS., *see* § 801.04(2), or by consent, *Datronic Rental Corp. v. DeSol, Inc.,* 164 Wis. 2d 289, 292, 474 N.W.2d 780, 781 (Ct. App. 1991). The parties here agree that the only way for a Wisconsin court to exercise personal jurisdiction over the Wixens in this action is through consent.

Subject matter jurisdiction is defined as the power of the court to entertain a certain type of action. *See Mack v. State,* 93 Wis. 2d 287, 294, 286 N.W.2d 563, 566 (1980). Subject matter jurisdiction cannot be conferred on a court by consent. *See* § 801.04(1), STATS.

Competency is a narrower concept than subject matter jurisdiction and is grounded in the court's power to exercise its subject matter jurisdiction. *Brandt v. LIRC,* 160 Wis. 2d 353, 367, 466 N.W.2d 673, 678 (Ct. App. 1991), *aff'd,* 166 Wis. 2d 623, 480 N.W.2d 494 (1992). Although a court is vested with subject matter jurisdiction by the constitution, the legislature may enact statutes which limit a court's power to exercise subject matter jurisdiction. Such legislative

measures affect a court's competency rather than its jurisdiction.[1] Thus, a court may have subject matter jurisdiction and yet not be competent to entertain a particular matter.

Competency is not synonymous with either personal or subject matter jurisdiction. If a court is competent, it is so regardless of whether it can attain personal jurisdiction over an individual party. The definition of competency, as accepted in Wisconsin, is the power of a court to exercise its subject matter jurisdiction. *See Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 200, 496 N.W.2d 57, 60 (1993). Therefore, substituting this definition for "competent jurisdiction," the forum selection clause would read, "the court with the power to exercise its subject matter jurisdiction within the State of Wisconsin."

Also, consent to venue clauses, as indicated in this instance by the language "the undersigned hereby agree that the venue . . . shall be . . .," implicitly confer to courts the right to exercise personal jurisdiction. *Northwestern Nat'l Ins. Co. v. Frumin*, 739 F. Supp. 1307, 1310 (E.D. Wis. 1990). Thus, based on the foregoing analysis, we conclude that the Wixens consented to personal jurisdiction in any Wisconsin court with the authority to entertain matters relating

---

[1] Competency issues typically arise where there are multiple trial court levels or where certain types of action can be entertained only in specialized courts. For example, the Wisconsin Supreme Court has noted, "[T]here is lack of competency for excess sums where a court has the power to deal with an action but for no more than a designated amount." *Mueller v. Brunn*, 105 Wis. 2d 171, 177, 313 N.W.2d 790, 793 (1982).

to the guaranty. Moreover, this construction is fortified by the fact that it is the only interpretation which renders no language superfluous and produces a reasonable business document. *See Borchardt v. Wilk,* 156 Wis. 2d 420, 427, 456 N.W.2d 653, 657 (Ct. App. 1990).

In opposing this construction, the Wixens contend that the clause should be interpreted as consenting only to a Wisconsin venue that could independently attain subject matter and personal jurisdiction. Such a construction relies on including personal jurisdiction in the definition of competency. This reading runs contrary to the accepted meaning of competency and consequently must be rejected.

Furthermore, without reading the clause as conferring the Wixens' consent to personal jurisdiction, the forum selection clause becomes operative only if there exists an additional means of obtaining personal jurisdiction over the foreign party. Such a construction would render the clause meaningless because the Wixens ultimately would not be consenting to anything. It is well settled in Wisconsin that a construction which renders contractual language meaningless should be avoided. *See Maas,* 172 Wis. 2d at 79, 492 N.W.2d at 624.

Moreover, such an interpretation of a similar clause was likewise rejected by a federal court. *Eli Lilly & Co. v. Home Ins. Co.,* 794 F.2d 710, 718 (D.C. Cir. 1986), *cert. denied,* 479 U.S. 1060 (1987). In that case, the court stated that such a reading was "hypertechnical" and construed the clause as consenting to personal jurisdiction. *Id.*

The Wixens also argue that in the event of ambiguous contractual language, the terms should be construed against Kohler as the drafter. However, to do so would be inconsistent with the terms of the contract as a whole and the intent of the parties. *See Wilke v. First Fed. Sav. & Loan Ass'n,* 108 Wis. 2d 650, 655, 323 N.W.2d 179, 181 (Ct. App. 1982). The purpose of the unconditional guarantee was to allow Wixen Pipe to continue receiving goods on credit, while at the same time protecting Kohler from pecuniary loss in the event Wixen Pipe became insolvent. Both parties advanced certain interests through the agreement. Both parties had input into the agreement before it was signed. Thus, to construe the contract against Kohler would be to ignore the intent of the contracting parties, which was to draft an agreement that would address the needs of both parties.

In the alternative, the Wixens argue that the forum selection clause is unconscionable if it is construed to confer personal jurisdiction over them to Wisconsin courts. In general, forum selection clauses which confer personal jurisdiction are enforceable unless found to be unconscionable. *Leasefirst v. Hartford Rexall Drugs,* 168 Wis. 2d 83, 88, 483 N.W.2d 585, 587 (Ct. App. 1992). Unconscionability is a question of law which we review independently. *See Discount Fabric House v. Wisconsin Tel. Co.,* 117 Wis. 2d 587, 602, 345 N.W.2d 417, 425 (1984).

In Wisconsin, unconscionability has been defined as "the absence of a meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party." *Leasefirst,* 168 Wis. 2d at 89, 483 N.W.2d at 587. A clause is

deemed unconscionable when there is both a quantum of procedural and a quantum of substantive unconscionability. *Id.* at 90, 483 N.W.2d at 588.

Procedural unconscionability refers to the process of the parties' assent to contract. *Id.* at 89-90, 483 N.W.2d at 587. Factors such as the age, intelligence, business acumen, business experience and relative bargaining power of the parties are considered. *Discount Fabric House*, 117 Wis. 2d at 602, 345 N.W.2d at 425.

An evidentiary hearing was held on this matter which concluded that the clause was not procedurally unconscionable. *See Datronic*, 164 Wis. 2d at 294, 474 N.W.2d at 782. In reaching its conclusion, the trial court properly considered Ben's maturity, age and college education. The court also noted that Ben had been a businessman for approximately fifteen years at the time the second guaranty was executed and had prior business relations with companies other than Kohler. The court also weighed the relative bargaining power of the parties and noted that other means for securing the Wixens' debt apart from a personal guaranty were discussed and rejected by one or both of the parties. Thus, the court found no procedural unconscionability.

Substantive unconscionability addresses the reasonableness of the contract terms assented to by the parties. *Leasefirst*, 168 Wis. 2d at 90, 483 N.W.2d at 587. Due to the commercial nature of the transaction, the trial court reasoned that the clause would not be unconscionable unless it was commercially unreasonable, according to the mores and business

340

practices commonly employed. The court concluded that it was not unreasonable for a large multinational corporation headquartered in Wisconsin to draft a contract requiring all litigation between it and a distributor to take place in its home state. Therefore, the court found that the clause was not flawed on substantive grounds.

Based upon our independent review, we conclude that the trial court correctly identified the applicable legal standards and appropriately applied them in deciding this issue. We therefore adopt the trial court's reasoning and agree that the forum selection clause was not unconscionable.

Finally, the Wixens argue that the second guaranty was limited to a single year from the date of execution because it was merely a "renewal" of the original guaranty. Therefore, even though there was no written language to that effect, the conditions of the original guaranty should be implicitly read into the second guaranty.

Since there is no written contractual language to construe, whether the second guaranty was only effective for one year is solely a question of fact which was properly presented to the jury. After hearing the evidence, the jury determined that the guaranty was not limited to one year. On appeal, this court must sustain the verdict if there is any credible evidence to support it. *Hauer v. Union State Bank,* 192 Wis. 2d 576, 602, 532 N.W.2d 456, 466 (Ct. App. 1995).

The second guaranty was a separate instrument undertaken after separate negotiations. There was no dispute that the second guaranty did not include a written time limitation. Consequently, the trial

341

focused on whether the one-year limit should be inferred into the second guaranty by the terms of the original guaranty. The jury heard testimony from both parties regarding the negotiations and correspondence between the parties pertaining to the execution of the second guaranty. Whether the parties referred to the second guaranty as a renewal of the first, or whether the Wixens construed it as such, was argued to the court. After weighing the facts and relevant testimony, the jury affirmatively answered the special verdict question: "Was the unconditional guarantee executed November 5, 1991, indefinite in duration as opposed to being for a one-year period of time?" Thus, the jury found the Wixens' personal guaranty to Kohler to be enforceable.

Upon review, we conclude that the jury's decision was well grounded in the facts and within the great weight of the evidence. Accordingly, we uphold the jury's determination.

In summary, we conclude that the forum selection clause included in the Wixens' "Unconditional Guarantee" conferred personal jurisdiction over the Wixens to any Wisconsin court capable of hearing the action. We affirm the jury's finding that the guaranty was of indefinite duration as supported by the facts and testimony presented at trial.

*By the Court.*—Judgment affirmed.