Axel Albert JOHNSON and Ingert Johnson, Plaintiffs-Appellants,

v.

HOLLAND AMERICA LINE-WESTOURS, INC., Defendant-Respondent.†

Court of Appeals

*No. 96–2053–FT. Submitted on briefs October 14, 1996.—Decided November 26, 1996.*

(Also reported in 557 N.W.2d 475.)

† Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Randall J. Nesbitt* of *Pinkert, Smith, Weir, Jinkins, Nesbitt, Hauser & Weber* of Sturgeon Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *George Burnett* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Axel and Ingert Johnson appeal a summary judgment dismissing their complaint against Holland America Line-Westours, Inc. (Holland America), for a refund or credit of a $9,806 cruise ticket.[1] They argue that the trial court erroneously ruled that the parties were bound by a forum selection clause contained in their ticket.[2] Pursuant to the test set out in *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991), we reverse the judgment.

The pleadings and affidavits of record disclose the following facts. The Admiral of the Fleet Cruise Center, a travel agency in Waukesha, Wisconsin, has a contractual relationship with Holland America to arrange bookings and scheduling aboard its vessels. The Johnsons scheduled a cruise aboard a Holland America vessel and Admiral handled the paperwork. The cruise was to depart from Florida on December 22, 1994, and return January 5, 1995. On November 16, 1994, Holland America forwarded the Johnsons' ticket to the travel agent. After the Johnsons made the final payment of $9,806, the Admiral sent them their ticket and cruise contract. No cruise brochures, tickets or information had been sent to them beforehand.

The record is unclear when the Johnsons received their ticket. In any event, on December 7, after the

---

[1] This is an expedited appeal under RULE 809.17, STATS.

[2] We restrict our discussion to the dispositive issue on appeal: whether the forum selection clause is enforceable. We do not address other arguments that may be implied.

Johnsons had received their ticket, Ingert was diagnosed with cancer and was scheduled for immediate surgery, which took place on December 9. As a result, the Johnsons were unable to travel and cancelled the trip. When they requested a refund or credit of the ticket price, Holland America refused. The Johnsons then initiated this action.

The ticket directs the passengers to review the travel brochure for cancellation policies. The brochure provides:

> A full refund . . . will be made for written cancellations received by Holland America at least 76 days prior to the date on which you are to commence travel . . . Passengers who cancel after that date for any reason, including medical reasons, are subject to the following per person cancellation fees:
>
> . . . .
>
> 13/14- & 16-Day Holiday Cruises
>
> *75-46 days before commencing travel: $600
>
> *45-16 days before commencing travel: 50% of gross fare
>
> *15 days or less before commencing travel: 100% of gross fare

Below the passengers' and travel agent's names, the ticket states that it is issued subject to the terms and conditions on pages 1-4. On the following page, it states:

> IMPORTANT NOTICE TO PASSENGERS
>
> THIS DOCUMENT, CONSISTING OF THIS PAGE AND THE FOLLOWING THREE PAGES, IS A LEGALLY BINDING CONTRACT BETWEEN

YOU, THE OWNER OF THE SHIP AND HOL-LAND AMERICA LINE-WESTOURS INC. . . .

. . . .

IMPORTANT TERMS AND CONDITIONS OF CONTRACT—READ CAREFULLY BEFORE ACCEPTING

. . . .

In fine print on page three, the ticket states:

> 5. **Holland America Brochure/Cancellations Policy:** If not already received, you can obtain the Holland America Line brochure for the Cruise or Cruisetour from your travel agent or HALW. You should familiarize yourself with the brochure. Please be advised, however, that if the brochure is inconsistent with this contract, this contract will be controlling. Note in particular the Holland America cancellations policy which specifies cancellation fees that you will be subject to if this contract is surrendered for cancellation within certain time periods prior to Initial Departure. Since a cancellation likely means a lost opportunity to sell space on other Cruises or Cruisetours, these fees apply regardless of whether your space is resold.

In fine print on page four, the ticket contains the forum selection clause that specifies the State of Washington as the forum for all disputes.[3]

---

[3] The clause reads as follows:

15. **Governing Law; Venue, Separability:** This contract is issued at Seattle, Washington. As to Cruises and as to the Ship segment of your Cruisetour, it will be construed in accordance with the general maritime law of the United States. As to the non-Ship segment of your Cruisetour, it will be construed in accordance with the laws of the State of Washington, U.S.A. All disputes and matters whatsoever arising under, in connection with or incident to this contract shall be litigated, if at all, in and before the United States District Court for the Western District of

566

The final page of the ticket contained the following terms, also in fine print:

> **Cancellations Policy:** Holland America's Cancellations Policy for the cruise or tour you have selected is specified in the applicable Holland America brochure. In most cases, this policy permits a full refund of amounts received by Holland America . . . if written cancellation is received by Holland America at least 90 days prior to the date on which you are to commence travel (by air, rail, sea or otherwise). Note that certain voyages require that written cancellation be received more than 90 days prior to travel commencement. Partial refunds may be available for later cancellations. No refunds are made in the case of cancellations received less than a certain number of days prior to travel commencement. The applicable brochure specifies the exact cancellation deadlines and refund amounts. Cancellation fees apply regardless of the reason for cancellation, including medical and family matters.

Holland America's answer to the Johnsons' complaint alleged that venue was improper. It moved to dismiss the action on the basis of the forum selection clause requiring all disputes incident to the cruise contract be litigated in the State of Washington.

---

Washington at Seattle, or, as to those lawsuits as to which the federal courts of the United States lack subject matter jurisdiction, in the courts of the State of Washington, U.S.A., to the exclusion of the courts of any other state or country. Any provision of this contract which is prohibited or unenforceable in any jurisdiction will, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability and the validity and enforceability of the remaining terms and conditions of this contract will not otherwise be affected, nor will the validity and enforceability of such provision be affected in any other jurisdiction.

The trial court granted Holland America's motion and dismissed the Johnson's complaint, ruling that the venue selection clause was enforceable and the State of Washington is the proper forum.[4] The Johnsons appeal.

When reviewing summary judgment,[5] we apply the standard set forth in § 802.08(2), STATS., in the same manner as the circuit court. *Kreinz v. NDII Secs. Corp.,* 138 Wis. 2d 204, 209, 406 N.W.2d 164, 166 (Ct. App. 1987). Our review is de novo. We have detailed this procedure in numerous cases and do not repeat it here. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 314-15, 401 N.W.2d 816, 820 (1987). We note, however, that the burden is on the moving party to show that material facts are undisputed and that it is entitled to judgment as a matter of law. *Kreinz,* 138 Wis. 2d at 209, 406 N.W.2d at 166.

We conclude that Holland America has not met its burden to establish an enforceable forum selection clause. The Johnsons do not claim that forum selection

---

[4] The trial court also ruled that (1) the Johnsons had the opportunity to cancel the contract but there is no evidence that they did so according to the contract terms and (2) the Admiral is not an agent of Holland. We conclude that these rulings are not material to our analysis. Also, the record demonstrates unresolved factual disputes with respect to these issues. In his affidavit, Axel Johnson states that he cancelled the cruise, but no details as to the manner and timing are provided. Holland America states that it pays a commission to Admiral. It is error to resolve factual disputes on summary judgment. *State Bank of La Crosse v. Elsen,* 128 Wis. 2d 508, 515-16, 383 N.W.2d 916, 919 (Ct. App. 1986).

[5] Because the trial court considered facts outside the pleadings, we treat the ruling as one for summary judgment. Section 802.06(3), STATS.

clauses are invalid per se, but claim that the clause was buried in fine print in documents they received after they paid for the ticket and they had no reasonable opportunity to negotiate it.[6] "[W]e do not adopt [their argument] that a non-negotiated forum-selection clause . . . is never enforceable simply because it is not the subject of bargaining." *Shute,* 499 U.S. at 593. Nonetheless, for the reasons that follow, we conclude that the circumstances presented demonstrate that the enforcement of the forum selection clause violates the fundamental fairness test outlined in *Shute*; therefore we decline to enforce it here.

A passenger ticket for an ocean voyage is a maritime contract. *Hodes v. S.N.C. Achille Lauro ed Altri-Gestione,* 858 F.2d 905, 909 (3d Cir. 1988). Some jurists have characterized contracts of passage as contracts of adhesion. *Id.* at 913. A maritime contract's interpretation and enforcement is governed by maritime law. *Shute,* 499 U.S. at 590. Federal maritime law applies a two-prong test to determine the enforceability of a forum-selection clause. First, the terms must be "reasonably communicated" to the passenger. *Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1364 (9th Cir. 1987). Second, the forum selection clause must be "fundamentally fair." *Shute,* 499 U.S. at 595.[7]

---

[6] The Johnsons allege in their reply brief that they did not even receive a brochure. The record is unclear with respect to this fact. Nonetheless, even if they had, we conclude the forum selection clause in the ticket is unenforceable.

[7] The issue of state court jurisdiction in this case was not briefed by the parties. Nonetheless, we conclude that the grant of admiralty jurisdiction to the federal courts "is to a large extent concurrent with the jurisdiction of state courts and, to a lesser extent, with that of the federal district courts in their

 Under the "reasonably communicativeness test" adopted in *Deiro,* the court must determine whether the contract reasonably communicated to the passenger the existence of important terms and conditions that affect legal rights. The reasonableness of notice under this test is a question of law. *Hodes,* 858 F.2d at 908. Also, the court must examine the circumstances surrounding the purchase of the ticket, the purchaser's familiarity with the ticket and the incentive to study the provisions and notices received. *Deiro,* 816 F.2d at 1364.

> [T]he "proper test of reasonable notice is an analysis of the overall circumstances on a case-by-case basis, with an examination not only of the ticket itself, but also of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake."

non-maritime capacity." *Casey v. Palmer Johnson, Inc.,* 506 F. Supp. 1361, 1364 (E.D. Wis. 1981). By virtue of rights provided under the "saving to suitors" clause in 28 U.S.C. § 1333, that gives a plaintiff the option of choosing his common law remedy and foregoing his maritime claim, one may elect to proceed in admiralty courts or state court. *Id.*

Holland America urges that we apply federal maritime law. "When a common law action is brought, whether in a state or in a federal court, to enforce a cause of action cognizable in admiralty, the substantive law to be applied is the same as would be applied by an admiralty court—that is, the general maritime law." *Hodes v. S.N.C. Achille Lauro ed Altri-Gestione,* 858 F.2d 905, 909 (3d Cir. 1988). Also, the analogous federal cases are persuasive and we apply their analyses.

*Id.* (quoting *Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861, 866 (1st Cir. 1983)).[8]

The resolution of the "reasonably communicated" prong involves factual determinations[9] that are unnecessary in view of our resolution of the second part of the test. We must determine whether the forum selection clause passes "judicial scrutiny for fundamental fairness." *Shute,* 499 U.S. at 595. At the outset, we observe that the supreme court, in upholding the validity of a forum selection clause in a passenger's cruise ticket, rejected the argument that a non-negotiated forum selection clause in a form contract is never enforceable simply because it is not the subject of bargaining. *Id.* at 593. Nonetheless, the court applied several factors that bear on fairness. First, whether there was any indication that the selected forum was a means to discourage legitimate complaints. *Id.* at 595. Next, the court considered whether there was any evidence of fraud or overreaching. *Id.* Finally, the court considered that the passengers conceded they received notice of the forum provision and retained the option of rejecting the contract with impunity. *Id.*

---

[8] *See also Melnik v. Cunard Line Ltd.,* 875 F. Supp. 103, 106 (N.D. N.Y. 1994); Jean F. Rydstrom, Annotation, *Federal View as to Effect of Conditions Appearing on Back or Margin of Passenger Ticket for Ocean Voyage,* 5 A.L.R. FED. 394, 406-07 (1970).

[9] The record fails to disclose extrinsic factors indicating the Johnsons' ability to become meaningfully informed of the contractual terms at stake. The record fails to reveal the date that the Johnsons received the ticket and whether they also received the brochure informing them of cancellation provisions. Because the circumstances surrounding their receipt of the ticket are not developed by this record, we cannot determine as a matter of law whether the forum selection clause was reasonably communicated.

Here, there is no evidence that the forum was selected to discourage legitimate claims, or of fraud or overreaching. However, there is also no evidence that the Johnsons received the ticket with the option of rejecting the contract with impunity. To the contrary, the undisputed facts show that the Johnsons received the documents less than forty-five days before departure. Under the plain terms of the ticket, the Johnsons would forfeit one-half the entire purchase price if they had canceled their trip on receipt of the ticket. Therefore, a critical element contained in *Shute* is missing, that the Johnsons did not have the option of rejecting the cruise contract without forfeiting several thousand dollars. Under these circumstances, we cannot find that the forum selection clause as applied to the Johnsons is fundamentally fair, where the express terms of the ticket prevented them from rejecting it without the forfeiture of several thousand dollars.

An analogous federal case reached the same result in *Corna v. American Hawaii Cruises, Inc.*, 794 F. Supp. 1005 (D. Haw. 1992), holding that the forum selection clause contained in the passengers' cruise ticket was unenforceable.[10] The passengers received their ticket just a few days before departure. Although the clause was clear and conspicuous, the passengers had no opportunity to reject the contract without the forfeiture of the entire purchase price and imposition of penalties. *Id.* at 1011-12. "Under these circumstances, the court cannot find that the forum-selection clause as applied to these plaintiffs is reasonable where plain-

---

[10] *See also* Thomas Fusco, Annotation, *Effect, on Application of 28 USCS § 1404(a) or Forum Non Conveniens in Diversity Case, of Contractual Provision Fixing Forum For Enforcement or Laws Governing Interpretation"Post-Bremen cases,* 123 A.L.R. FED. 323, 354 (1995).

tiffs had no opportunity under the express terms of the contract to reject the forum-selection clause without forfeiture of the entire purchase price and the imposition of additional penalties." *Id.* at 1012. Here, because under the express terms of the ticket, the Johnsons would stand to forfeit several thousand dollars by immediately rejecting and returning it, we conclude the forum selection clause contained therein is unfair and therefore unenforceable.

*By the Court.*—Judgment reversed and cause remanded.