COURT OF APPEALS
DECISION
DATED AND FILED

December 4, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2018AP2014**

Cir. Ct. No.  **2018SC85**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

ROBERT WARGASKI,

   PLAINTIFF-APPELLANT,

V.

NCI GROUP, INC.,

   DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Forest County: LEON D. STENZ, Judge. *Affirmed*.

¶1      SEIDL, J.[1]   Robert Wargaski appeals a judgment dismissing his small claims action against NCI Group, Inc. (NCI), in which he alleged a violation of the Magnuson-Moss Warranty Act (MMWA) stemming from his purchase of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

metal roofing panels.[2]  Wargaski argues that the circuit court erred by enforcing a forum-selection clause in the warranty at issue.  We disagree and affirm.

## BACKGROUND

¶2      Wargaski owns a parcel of real property in Forest County that contains numerous outbuildings.  In 2002, he decided to replace the roof on one of these buildings.  Accordingly, he purchased metal roofing panels from Argonne Lumber & Supply, Inc. (Argonne Lumber), and had them installed on the building by a local carpenter.  The invoice from that sale describes the panels as "Midland Metals Slimline 12 [inch] Wide Metal."

¶3      Thirteen years later, Wargaski contacted Joe Sample, a regional manager for American Building Components, Inc. (ABC), about making a warranty claim regarding faded paint on the roofing panels.[3]  Sample informed Wargaski that ABC could not locate an invoice from Midland Metals to Argonne Lumber and, therefore, ABC could not "do a claim for the main reason we manufacture the steel only …. The steel is painted by a coating facility, without the coil information from the original order, we have no one to go back on."

¶4      Wargaski subsequently filed the present action in Forest County small claims court.  In his complaint, he alleged that there was a twenty-year limited paint warranty applicable to the panels, although he acknowledged that

---

[2]  *See* 15 U.S.C. §§ 2301-2312 (2018).  All references to the United States Code are to the 2018 version unless otherwise noted.

[3]  It is undisputed that ABC was fulfilling sales of Midland Metals materials in 2002 and that ABC is now a division of NCI.  It is also undisputed that NCI is a Nevada corporation with its principal place of business in Texas.

"[o]ver time, the hard copies have been disposed of." His sole claim was for "breach of warranty … pursuant to the [MMWA]."[4]

¶5 In its answer, NCI stated it was attaching a "copy of ABC's written [twenty-five-year] warranty" that was in effect at the time Wargaski purchased his roofing panels. That warranty stated, in relevant part, that "[t]he laws of the State of Texas shall govern the rights and duties of the parties under this agreement and jurisdiction and venue is fixed in Harris County, Texas." Based on this warranty provision, NCI raised an affirmative defense "that the jurisdiction and venue is fixed in Harris County, Texas, and therefore, the present action should be dismissed because it has been filed in the wrong jurisdiction and venue."

¶6 Wargaski then filed a series of affidavits. As relevant to this appeal, he averred in one of these affidavits that he believed the warranty at issue was included "in the box" with the roofing panels. Further, he averred that the "boxes would have been opened by the carpenter, who installed the roofing. I do not know what the carpenter did with any warranty enclosures. I was not present when the boxes were opened."

¶7 NCI subsequently filed a motion to dismiss, arguing, in pertinent part, that the circuit court should enforce the warranty's forum-selection clause. Wargaski opposed the motion, raising two primary arguments. First, he argued that the forum-selection clause was not conspicuously disclosed as required by the MMWA. And second, he argued the forum-selection clause violated the public policy underlying the MMWA.

---

[4] Wargaski's complaint did not specify which provision of the MMWA he was alleging NCI violated.

¶8      At a hearing, the circuit court determined that the forum-selection provision was enforceable.  Consequently, the court entered a judgment dismissing the case without prejudice.  Wargaski now appeals.

## DISCUSSION

¶9      On appeal, Wargaski argues that the circuit court erred by enforcing the warranty's forum-selection clause.  As a preliminary matter, the parties dispute whether we should treat the court's decision as a grant of a motion to dismiss or a grant of summary judgment.  This dispute commonly arises in appeals concerning the enforceability of a forum-selection clause.  *See, e.g.*, ***Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.***, 2006 WI App 187, ¶¶2, 13, 296 Wis. 2d 273, 722 N.W.2d 633; ***Johnson v. Holland Am. Line-Westours, Inc.***, 206 Wis. 2d 562, 568 n.5, 557 N.W.2d 475 (Ct. App. 1996).  We have consistently resolved such disputes by "treating the issue [i.e., the enforceability of a forum-selection clause] under the law of summary judgment."  *See* ***Converting/Biophile Labs.***, 296 Wis. 2d 273, ¶13.

¶10      In doing so, we have recognized that when we frame the appeal as a review of a grant of summary judgment and the circuit court framed its order as a grant of a motion to dismiss, "[t]hat altered stance does not change our standard of review, however.  Motions to dismiss and for summary judgment both are subject

to our de novo review." *Id.* As such, we treat the court's decision as a grant of summary judgment.[5]

¶11    Summary judgment is appropriate if the record demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). The summary judgment methodology is well established, and we need not restate it here. *See Tews v. NHI, LLC*, 2010 WI 137, ¶4, 330 Wis. 2d 389, 793 N.W.2d 860.

¶12    Forum-selection clauses are presumptively valid in Wisconsin.[6] *Converting/Biophile Labs.*, 296 Wis. 2d 273, ¶22. As a result, we will refuse to enforce such a clause "only if there is a quantum of procedural unconscionability plus a quantum of substantive unconscionability." *Pietroske, Inc. v. Globalcom, Inc.*, 2004 WI App 142, ¶1, 275 Wis. 2d 444, 685 N.W.2d 884. We address Wargaski's arguments regarding both forms of unconscionability in turn.

---

[5] We note that Wargaski's sole claim of error in regards to whether the circuit court improperly viewed NCI's motion as a motion to dismiss as opposed to a motion for summary judgment is that his affidavits should have been considered by the court at the motion hearing. As we consider Wargaski's affidavits in this appeal under our de novo standard of review, we agree with NCI that, assuming the court erred, any such error was harmless.

[6] NCI argues that we should apply Texas law to determine if the forum-selection clause is enforceable, based upon the warranty's statement that the "laws of Texas shall govern the rights and duties of the parties under this agreement." However, NCI provides no citation to any case where a Wisconsin court has applied the laws of a foreign jurisdiction to determine the enforceability of a forum-selection clause. We need not consider arguments unsupported by citation to proper legal authority. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

In any event, after arguing that the forum-selection clause would be enforceable under Texas law, NCI's response brief proceeds to argue that Texas and Wisconsin apply the same standard to determine if a forum-selection clause is enforceable. Wargaski concedes this point in his reply brief. When the laws of "two states are the same, we apply Wisconsin law." *Deminsky v. Arlington Plastics Mach.*, 2003 WI 15, ¶20, 259 Wis. 2d 587, 657 N.W.2d 411.

### A. *Procedural unconscionability*

¶13    Wargaski contends that the warranty's forum-selection clause is procedurally unconscionable because the warranty was provided inside of the box containing the roofing panels.  He asserts that this fact establishes a "public policy violation to support procedural unconscionability."   In support, he relies on 16 C.F.R. § 700.11(b) (2015),[7] which states, in relevant part, that a written warranty "must be conveyed at the time of sale of the consumer product."

¶14    Wargaski's argument as to how this regulation was violated is cursory, at best.  He reasons that the "key word conveyed … means more than referring to the warranty in the sale contract" and that "[c]oncealment inside the box would not 'convey' that warranty information prior to sale."   He fails, however, to explain why the word "convey" carries the significance he attributes to it within the context of 16 C.F.R. § 700.11(b), or why the warranty referenced in the sales contract was not conveyed to him by placement in the box of roofing panels he purchased.

¶15    This failure is fatal to Wargaski's procedural unconscionability argument.  As relevant here, the verb "convey" is defined as "to cause to pass from one place or person to another."[8]   *Convey*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993).  Because Wargaski presents no developed argument as to why Argonne Lumber's inclusion of the warranty in the box of

---

[7] All references to the Code of Federal Regulations are to the 2015 version unless otherwise noted.

[8] We may look to a recognized dictionary to establish the common and ordinary accepted meaning of an undefined term in an administrative regulation.  *See **Door Cty. Highway Dep't v. DILHR**, 137 Wis. 2d 280, 293-94, 404 N.W.2d 548 (Ct. App. 1987).

roofing panels did not cause the warranty to pass to him at the time of the sale, we decline to address his argument further. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (we will not abandon our neutrality to develop arguments for a party).

### B. Substantive unconscionability

¶16 Wargaski next contends that the forum-selection clause is substantively unconscionable, for three reasons. First, he states that the "evidence is in Forest County, and a jury view in Texas is impossible." He provides no citation to any legal authority, however, supporting the proposition that a court's inability to allow for a jury view renders a forum-selection clause substantively unconscionable. We therefore decline to address this argument further. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (noting we typically do not address undeveloped arguments or arguments unsupported by citation to applicable legal authority).

¶17 Second, citing 15 U.S.C. § 2310(d)(1)(A), Wargaski argues that he "has the right to file suit" in Wisconsin. Section 2310(d)(1)(A) does provide that, generally, a consumer seeking relief under the MMWA "may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any State or the District of Columbia." But Wargaski does not explain why a warranty's specific forum-selection clause may not be given preference over this general provision. Moreover, he fails to refute NCI's argument on this very point, including its assertion that "[a]ll reported cases uniformly enforce specific forum[-]selection clauses in consumer warranty cases over the more general provisions of 15 U.S.C.A. 2310(d)(1)(A)." Consequently, we decline to address this argument further. *See Pettit*, 171 Wis. 2d at 646-47; *Schlieper v. DNR*, 188

Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (unrefuted arguments may be deemed conceded).

¶18    Finally, relying upon our decision in *Leasefirst v. Hartford Rexall Drugs, Inc.*, 168 Wis. 2d 83, 483 N.W.2d 585 (Ct. App. 1992), Wargaski argues that the "prohibitive cost" of traveling to Texas is sufficient to show that the forum-selection clause is substantively unconscionable.  Wargaski is correct that in *Leasefirst* we held that the "considerable inconvenience and expense" that a plaintiff would incur if a forum-selection clause were enforced supported a determination that the clause at issue was substantively unconscionable.  *Id.* at 90-91.

¶19    However, that conclusion was driven by the fact that the forum-selection clause at issue in *Leasefirst* granted the defendant corporation "the exclusive and absolute right to pick any forum where [the defendant corporation] does business."  *Id.* at 86, 90.  We observed that if such a broad forum-selection clause were enforceable, the defendant corporation could conceivably choose "Hawaii as a possible forum if [the defendant corporation] did business in Hawaii," even if the underlying dispute had no connection whatsoever to Hawaii.  *Id.* at 91 n.3.

¶20    That same concern does not apply to the forum-selection clause at issue here.  To explain, the forum-selection clause in this case specifically fixes jurisdiction and venue in a particular Texas county.  Given that NCI's principal place of business is undisputedly in Texas and NCI has customers spread across the country, we agree with NCI that "[i]t is not unreasonable or unconscionable for [NCI's] limited warranty to clearly and unambiguously provide" that jurisdiction and venue are fixed in Texas.

¶21    In all, we conclude that Wargaski cannot overcome the presumption that the forum-selection clause at issue is enforceable.  He has not shown either a quantum of procedural or substantive unconscionability associated with that clause.  Because both showings are necessary before we may "refuse to enforce" the clause, we affirm.  *See Pietroske*, 275 Wis. 2d at 447-48.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.