David BEILFUSS, Plaintiff-Appellant,

v.

HUFFY CORPORATION, Defendant-Respondent.

Court of Appeals

*No. 03–2006. Submitted on briefs February 23, 2004.—Decided May 12, 2004.*

2004 WI App 118

(Also reported in 685 N.W.2d 373.)

501

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mark G. Blum* and *Lori J. Fabian* of *Hippenmeyer, Reilly, Moodie & Blum, S.C.*, Waukesha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Lawrence T. Lynch* and *Michael P. Kohler* of *Foley & Lardner*, Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. ANDERSON, P.J. Strong public policy considerations underpin Wisconsin's law controlling covenants not to compete and lead to the conclusion that the choice of law clause in an employment contract between David Beilfuss and Huffy Corporation is invalid. Because the validity of a choice of law clause is a prerequisite to the validity of a choice of forum clause, it is unreasonable to enforce the provision in the contract selecting Ohio as the exclusive forum for the resolution of any disputes between the parties. Therefore, we reverse the circuit court, which found the provisions on choice of forum and law to be enforceable and remand to the circuit court for resolution of the enforceability of the covenant not to compete under Wisconsin law.

BACKGROUND

¶ 2. In October 2000, Beilfuss, a Wisconsin resident, was hired as national sales manager, fixture &

display assembly for Huffy, an Ohio Corporation.[1] Before starting work with Huffy, Beilfuss signed a "Huffy Corporation Salaried Employment Agreement" that included restrictive covenants governing confidential information and noncompetition. Beilfuss worked for Huffy until May 2002, when he was hired by National Marketing Services (NMS) as vice-president, sales new customer development. In February 2003, Huffy notified NMS and Beilfuss that Beilfuss was in violation of his Employment Agreement with Huffy.

¶ 3. In response, Beilfuss filed a declaratory judgment action in Waukesha County Circuit Court seeking a declaration that the restrictive covenants in the employment agreement were "unenforceable, null and void." Without filing an answer, Huffy moved to dismiss, contending that the employment agreement contained a choice of forum and choice of law clause that required any dispute to be resolved by the application of Ohio law in either state or federal Ohio courts. In addition to bringing the motion in Waukesha county circuit court, Huffy filed a complaint in Ohio state court against Beilfuss and NMS seeking enforcement of the employment agreement along with compensatory and punitive damages. Approximately one month after Huffy filed the action in state court, Beilfuss and NMS removed the case to federal court.

¶ 4. In Waukesha county circuit court, Huffy argued that the choice of forum and choice of law clause in the employment agreement was clear and unambiguous and Beilfuss contractually obligated himself to assert any claim he had against Huffy in an Ohio court.

---

[1] Because we are reviewing the disposition of a motion to dismiss, we summarize the allegations of the complaint, taking them as true for purposes of this appeal. *Brown v. State*, 230 Wis. 2d 355, 358 n.1, 602 N.W.2d 79 (Ct. App. 1999).

Relying upon *Kohler Co. v. Wixen*, 204 Wis. 2d 327, 555 N.W.2d 640 (Ct. App. 1996), Huffy contended that the court had to enforce the forum selection clause because it was not unconscionable. In response, Beilfuss countered that the clause was ambiguous because it states that employee "irrevocably submits" to Ohio jurisdiction and then states only that the employee agrees that claims "may" be brought in Ohio courts. He also asserted that under *Bush v. National School Studios, Inc.*, 139 Wis. 2d 635, 407 N.W.2d 883 (1987), the clause was unenforceable because it failed to pass the "unconscionability test."

¶ 5. The circuit court granted Huffy's motion. The circuit court rejected Beilfuss' claim that the provision is ambiguous. It concluded that the parties agreed that disputes would be heard in Ohio courts, Ohio law would be applied, and nothing otherwise invalidated the clause. Beilfuss appeals.

DISCUSSION

■

¶ 6. Whether or not the choice of forum clause and choice of law clause are enforceable requires interpretation of the employment agreement. Interpretation of a contract is a question of law which this court reviews de novo. *Yauger v. Skiing Enters., Inc.*, 206 Wis. 2d 76, 80, 557 N.W.2d 60 (1996).

¶ 7. The clause at the center of this controversy provides:

**GOVERNING LAW**

12. This Agreement shall be governed and construed according to the laws of the State of Ohio without giving effect of any choice or conflict of law provision or

504

rule (whether of the State of Ohio or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Ohio. EMPLOYEE hereto irrevocably submit(s) to the jurisdiction of the federal or state courts located in the State of Ohio over any dispute arising out of or relating to this agreement. EMPLOYEE irrevocably agrees that all claims in respect of such dispute or proceeding may be heard and determined in such Courts. EMPLOYEE hereby irrevocably waives, to the fullest extent permitted by applicable law, any objection which he or she may now or hereafter have to the laying of venue of such dispute brought in such court or any defense of inconvenient forum in connection therewith.

¶ 8. Beilfuss argues that section 12 is ambiguous or unenforceable because it is procedurally and substantively unconscionable. We reject his contention that section 12 is ambiguous. Use of the phrases "irrevocably submit(s)," or "irrevocably agrees," and "irrevocably waives" overcomes any suggestion that the use of the word "may" creates a patent ambiguity. We also reject his argument centered on unconscionability. We are not convinced that section 12 presents both a quantum of procedural and a quantum of substantive unconscionability. *See Leasefirst v. Hartford Rexall Drugs, Inc.*, 168 Wis. 2d 83, 88, 90, 483 N.W.2d 585 (Ct. App. 1992) (a forum selection clause is enforceable unless the contract provision is unconscionable, that is when there is a certain quantum of procedural plus a certain quantum of substantive unconscionability). Particularly, it is not unreasonable for a large multinational corporation to draft an employment contract requiring litigation to take place in its home state. *Kohler*, 204 Wis. 2d at 341.

¶ 9. We now turn to Beilfuss' argument that section 12 is unenforceable. Section 12 embodies both a choice of law clause and a choice of forum clause and presents us with the classic conundrum: "Which came first, the chicken or the egg?" Should we construe each clause separately and, if so, in what order? Or, should we construe the clauses together?

¶ 10. We find guidance in *Hall v. Superior Court*, 150 Cal. App. 3d 411, (Cal. App. 4 Dist. 1983). In *Hall*, two California investors, Thomas L. Hall and Lloyd C. Howard, exchanged their interests in an oil and gas limited partnership in return for stock in a Utah corporation. *Id.* at 413–14. Although all of the parties were California residents, they met at an airport in Nevada to consummate the transaction; the contract contained both a forum selection clause and a choice of law clause identifying Nevada as the selected forum and governing law. *Id.* Approximately one year later, a dispute arose and Howard and Hall commenced an action in the California courts that alleged, among other claims, three causes of action grounded on violations of California's Corporation Code. *Id.* Relying upon a decision from the California Supreme Court,[2] the trial court granted the defendants' motion for a stay of any California litigation based upon the forum selection and choice of law provisions in the contract. *Id.* at 415.

¶ 11. The California Court of Appeals reversed. The court of appeals faulted the trial court for failing to reach the public policy issues of protection of securities investors and potential evasion of corporate security laws:

---

[2] *Smith, Valentino & Smith, Inc. v. Superior Court*, 551 P. 2d 1206 (Cal. 1976).

> In our view . . . these considerations are inextricably bound up in the question of the validity of the choice of law provision; and a determination as to the validity of the choice of law provision is prerequisite to a determination of whether the forum selection clause should be enforced.

*Id.* at 416. The court explained that California generally respects choice of law provisions in contracts except "an agreement designating [a foreign] law will not be given effect if it would violate a strong California public policy." *Id.* at 417 (citation omitted).

¶ 12. The court of appeals turned to considering whether there were strong reasons to invalidate the choice of law provision and found that there were two. First, the court recognized California's policy to protect the public from fraud and deception in securities transactions. *Id.* Second, the court recognized that a provision of California's Corporate Securities Law rendered void any contractual provision purporting to waive or evade the law. *Id.* at 417–18. The court invalidated the choice of Nevada law provision in contract because it violated the California Corporate Securities Law and the public policy of California and, for that reason, it also held that the enforcement of the forum selection clause would be unreasonable. *Id.* at 418.

██

¶ 13. We agree with the approach taken by the *Hall* court. Determining the validity of the choice of law provision requires that we pay close attention to public policy considerations. As such, the validity of the choice of law provision is a precondition to determining the enforceability of the forum selection provision. In *Bush*, 139 Wis. 2d at 642, the Wisconsin Supreme Court acknowledged, like the *Hall* court, that "parties to a contract may expressly agree that the law of a particu-

lar jurisdiction shall control their contractual relations." The supreme court held that this was not an unqualified proposition; this state's important public policy considerations would trump a choice of law provision selecting a foreign jurisdiction's law as controlling. *Bush*, 139 Wis. 2d at 642.

> A precise delineation of those policies which are sufficiently important to warrant overriding a contractual choice of law stipulation is not possible. In general, however, statutes or common law which make a particular type of contract enforceable, e.g., usury laws, or which make a particular contract provision unenforceable, *e.g., laws prohibiting covenants not to compete,* or that are designed to protect a weaker party against the unfair exercise of superior bargaining power by another party, are likely to embody an important state public policy.

*Id.* at 643 (emphasis added).

¶ 14. The public policy concerns with covenants not to compete can be found in the explicit purpose of WIS. STAT. § 103.465, which is to invalidate covenants that impose unreasonable restraints on employees. *Heyde Cos., Inc. v. Dove Healthcare, LLC*, 2002 WI 131, ¶ 13, 258 Wis. 2d 28, 654 N.W.2d 830. The *Heyde* court wrote, "[T]he fundamental right of a person to make choices about his or her own employment is well-established. '[N]o one has the legal right . . . to deprive a person of the right to labor for whomsoever he will, with the consent of such other.' " *Id.*, ¶ 22 (citation omitted).

¶ 15. Moreover, WIS. STAT. § 103.465 makes it the public policy of this state that "[a]ny . . . restrictive covenant imposing an unreasonable restraint is illegal, void and unenforceable *even as to so much of the covenant . . . as would be a reasonable restraint." Gen.*

*Med. Corp. v. Kobs*, 179 Wis. 2d 422, 431, 507 N.W.2d 381 (Ct. App. 1993) (citation omitted). On the other hand, Ohio law permits selective enforcement or judicial modification of an unreasonable covenant not to compete so as to enforce the covenant deemed reasonable.[3] *Raimonde v. Van Vlerah*, 325 N.E.2d 544, 547 (Ohio 1975).

██

¶ 16. Consequently, we hold the choice of law provision in the employment agreement violates the public policy of this state and reverse the circuit court's conclusion that it is enforceable. Further, we hold that because the choice of law provision is invalid, the enforcement of the forum selection provision would be unreasonable. *Hall*, 150 Cal. App. 3d at 418.

██

¶ 17. The rule of law in Wisconsin is that a forum selection clause is enforceable unless the contract provision is substantively unreasonable in view of the bargaining power of the parties. *Leasefirst*, 168 Wis. 2d at 88. However, the bargaining power of the parties is not the only circumstance that can cause a forum selection clause to be unreasonable. Historically, forum

---

[3] Huffy conceded at the motion hearing in the circuit court that there was a difference between Ohio and Wisconsin law regarding the enforcement of a covenant not to compete.

The employment agreement takes advantage of Ohio's approach in section 14, "Invalid Clauses." It provides:

> In the event that Paragraph 5 [Non-Competition] thereof should ever be adjudicated by a court of competent jurisdiction to exceed the limitations permitted by applicable law, as determined by such court in such action, then such provisions will be deemed reformed to the maximum limitations permitted by applicable law, the parties hereby acknowledging their desire that in such event such action be taken.

509

selection clauses were disfavored, but in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), the United States Supreme Court held that such clauses are prima facie valid and should be enforced unless enforcement is shown to be unreasonable under the circumstances. This approach is reflected in RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 80 (1971):

> The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable.

The comment to this section notes that a forum selection provision will be enforced "if to do so would be fair and reasonable." *Id.* cmt. a (1971). In explaining *Bremen*, one commentator wrote:

> In the Supreme Court's view ... [c]ourts should enforce the [forum selection] clauses unless the resisting party can show that enforcement is " 'unreasonable' under the circumstances." A clause might be unreasonable if the forum chosen was "seriously inconvenient," or if the clause was touched by "fraud, undue influence, or overweening bargaining power," or if the clause violated a strong public policy of the forum in which the suit is actually brought.

15 GRACE MCLANE GIESEL, CORBIN ON CONTRACTS § 83.6 at 283–84 (Joseph M. Perillo ed., rev. ed. 2003).

██

¶ 18. Here, it is unreasonable to enforce the forum selection clause because it violates Wisconsin's strong public policy governing covenants not to compete that we have previously identified and discussed. There is also a very practical reason why enforcement is unreasonable. It is logical to have a court familiar with Wisconsin's statutory and common law covering cov-

enants not to compete apply the law rather than a court in another forum, which is unfamiliar with Wisconsin's law or public policy supporting the law. *Cf. Marsh v. Farm Bureau Mut. Ins. Co.*, 179 Wis. 2d 42, 58–59, 505 N.W.2d 162 (Ct. App. 1993) ("A Minnesota court applying Minnesota law to a Minnesota contract could more efficiently resolve this matter than a Wisconsin court potentially faced with applying Minnesota law."). Because enforcement of the forum selection clause is unreasonable, the employment agreement's severability clause does not provide a safety net.[4]

¶ 19. While the severability clause does not save the forum selection provision, it does save the balance of the employment agreement. *See Save Elkhart Lake, Inc. v. Village of Elkhart Lake*, 181 Wis. 2d 778, 791, 512 N.W.2d 202 (Ct. App. 1993). After striking the choice of law and forum selection provisions because they are null and void, the parties are left with an employment agreement, including the covenant not to compete, that is very nearly ready for interpretation under Wisconsin law by a Wisconsin court. We note that instead of filing a responsive pleading to Beilfuss' declaratory judgment action, Huffy filed a motion to dismiss based on the provisions we have declared null and void. Therefore, upon remand to the circuit court, the court shall permit Huffy to file a responsive pleading within a reasonable

---

[4] Section 14 of the employment agreement provides, in pertinent parts:

> [T]he provisions of this Agreement are severable. Therefore, any term or provision of this Agreement which shall prove to be invalid, void or illegal shall in no way effect, impair or invalidate any other term or provision herein and such remaining terms or provisions shall remain in full force and effect as if executed with the unenforceable or invalid provision or portion thereof eliminated.

time and place this action on its calendar, WIS. STAT. § 802.10, for resolution of all issues identified and joined in the pleadings.

## CONCLUSION

¶ 20. We reverse the circuit court's order that the forum selection and choice of law provisions of the employment agreement are enforceable. We hold the choice of law provision is unenforceable because it violates Wisconsin's long-standing public policy controlling covenants not to compete, in that Wisconsin does not permit severability as a matter of public policy, while Ohio does. Moreover, we hold that because important public policy considerations are involved, it is unreasonable to enforce the forum selection provision. We remand this matter to the circuit court for proceedings not inconsistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.