**COVANCE LABORATORIES, INC., Plaintiff,**

v.

**Carlos ORANTES, Defendant.**

**No. CIV.A. AW–04–2927.**

United States District Court, D. Maryland, Southern Division.

Sept. 30, 2004.

---

Paul J. Kennedy, Littler Mendelson PC, Washington, DC, for Plaintiff.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

This diversity action involves the enforcement of a non-competition provision in an Employment Agreement ("the Agreement") between Plaintiff Covance Laboratories, Inc. ("Covance" or "Plaintiff") and its former employee, Defendant Carlos Orantes ("Orantes"), who presently works for Defendant Gene Logic, Inc. ("Gene Logic") (collectively, "Defendants").[1] Currently pending before the Court is Orantes's Motion for Abstention [9] seeking this Court to abstain from hearing this matter until related actions pending in the Circuit Court for Dane County, Wisconsin are resolved. The Motion has been fully briefed by both parties and is now ripe for review. The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. *See* Local Rule 105(6) (D.Md. 2004). For the following reasons, Orantes's Motion is granted, and proceedings in this case are stayed pending further order of the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the decision of Carlos Orantes, a senior management employee at Covance who participated in strategic planning meetings for Covance's toxicology business, to leave Covance and join the ranks of Gene Logic, a Covance competitor. Specifically, on August 29, 2004, while Covance employed Orantes as a Business Process Improvement Leader, Orantes received an offer from Gene Logic

---

1. Originally, Covance filed the instant action against both Gene Logic and Orantes. Following an Amended Complaint, Covance dropped all claims against Gene Logic. For purposes of this Opinion, both Gene Logic and Orantes are referred to collectively as "Defendants."

which would double his salary and make him a Vice President of Operations at Gene Logic. Orantes submitted his resignation to Covance on September 1, 2004, and then underwent exit processing at Covance's Vienna, Virginia office. Orantes began working at Gene Logic on September 3, 2004.

On September 10, 2004, Defendants' filed suit in the Circuit Court for Dane County, Wisconsin, an action which remains pending, seeking to confirm the propriety of Orantes's employment relationship with Gene Logic and a declaration as to the validity of the non-competition clause of the Agreement under Wisconsin law. A dispositive motion for summary judgment concerning the non-compete provision of the Agreement is now pending in the Wisconsin state court.

Also, on September 10, 2004, Covance (which is headquartered in Wisconsin) filed the instant action against both Defendants in the U.S. District Court for the District of Maryland for injunctive and monetary relief. In its Complaint, Covance alleges claims for breach of contract against Orantes, misappropriation of trade secrets under the Maryland Uniform Trade Secrets Act ("MUTSA"), Md.Code Ann., Com. Law II § 11–1201, *et seq,* against both Orantes and Gene Logic, and tortious interference with contractual relations against Gene Logic. On September 21, 2004, Covance filed an Amended Complaint dropping Covance's two claims against Gene Logic. With respect to the breach of contract claim, neither party disputes that under the Agreement's choice of law provision, Wisconsin state law governs.

**DISCUSSION**

■ In the current action, Covance seeks a preliminary injunction and an order expediting proceedings. In turn, Orantes requests that this court abstain from hearing this matter pursuant to the *Colorado River* abstention doctrine *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).[2] After a careful review of the parties' submissions, including the Court ordered supplemental briefings on the request for abstention, the Court finds, for the following reasons, that abstention is warranted.

As a general rule, "the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction..." *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910). Because there lies "virtually an unflagging obligation of the federal courts to exercise the jurisdiction given them," the existence of proceedings in state court does not by itself preclude parallel proceedings in federal court. *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236. The Supreme Court has recognized a limited exception to this general rule; "federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest..." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

■ Under the principles of *Colorado River,* federal courts may abstain from exercising their jurisdiction in the exceptional circumstances where a federal case

**2.** Although the Supreme Court has emphasized that the *Colorado River* doctrine is not technically a doctrine of abstention, 424 U.S. at 817–18, 96 S.Ct. 1236, the lower courts have treated the doctrine as such. *See Al-* *Abood v. El–Shamari,* 217 F.3d 225, 232 n. 3 (4th Cir.2000). For the purposes of this memorandum opinion, we will refer to the doctrine as one of abstention.

duplicates contemporaneous state proceedings and "wise judicial administration, giving regard to conservation judicial resources and comprehensive disposition of litigation" clearly favors abstention. *Id.* at 817, 96 S.Ct. 1236; *see also Vulcan Chem. Techs., Inc. v. Barker,* 297 F.3d 332, 340–41 (4th Cir.2002). For a district court to abstain under the *Colorado River* doctrine, two conditions must be satisfied: (1) parallel proceedings are ongoing in state and federal court, and (2) "exceptional circumstances" counsel in favor of abstention. *Id.* at 813, 96 S.Ct. 1236. As the Supreme Court noted in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the task of the district court "is not to find some substantial reason for the exercise of federal jurisdiction ... rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest justifications,' that can suffice under *Colorado River* to justify surrender of that jurisdiction." *Id.* at 25–26, 103 S.Ct. 927 (emphasis in original).

■ Ultimately, "the decision of whether to defer proceedings because of parallel state litigation is generally committed to the discretion of the district court." *Kruse v. Snowshoe Co.,* 715 F.2d 120, 122 n. 12 (4th Cir.1983). Without establishing a rigid test, the Supreme Court has identified several factors to assist the district court in considering whether exceptional circumstances warrant abstention in light of parallel state proceedings: (1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law was implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights. *Id.* at 26, 103 S.Ct. 927; *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236; *see also*

*Gannett Co. v. Clark Constr. Group, Inc.,* 286 F.3d 737, 741 (4th Cir.2002). The federal courts have been instructed not to use these factors as a "mechanical checklist," but rather to weigh each factor according to the circumstances of each case "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927. With these principles in mind, this Court now turns to analyzing the facts of the present case.

### I. *Parallel Proceedings*

Parallel proceedings exist if "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, UMWA,* 946 F.2d 1072, 1073 (4th Cir. 1991). However, actions that are virtually identical may not be parallel if they raise different issues or seek different remedies. *Id.*

Here, the parties agree that the state and federal actions are parallel. Orantes relies on *Automated Sys. & Programming Inc., v. Cross,* 176 F.Supp.2d 458, 462 (D.Md.2001), to demonstrate that the actions are parallel. In *Cross,* Judge Messitte found the parties "unquestionably paralleled" where both opposing parties were identical, and both state and federal actions focused upon disputed sales commission to a former employee. *Id.* at 462. Similarly, in the instant action both actions involve the same operative facts, and until Covance filed its Amended Complaint, the parties were not only substantially similar, but identically the same. Even with the Amended Complaint, the parties are substantially similar as two of the three parties remain, and the dropped party is currently the employer of Orantes and that employment relationship directly ties Gene Logic to both misappropriation actions.

Furthermore, as Orantes point out, the two actions also involve the same issues: both cases turn primarily on whether the restrictive covenant between Covance and Orantes is enforceable and reasonable in scope under Wisconsin law. With respect to available remedies, although different in form, the state declaratory judgment action and the federal preliminary injunction case are functionally equivalent—if the issue of the restrictive covenant was actually litigated in the state action, then the present claim would just as certainly be precluded by *res judicata*. Hence, both suits essentially involve equitable remedies, with the additional element in the federal action of the Plaintiff seeking both equity and compensatory damages. Because the parties, the operative facts, and the issues underlying both the state and federal suits are substantially similar, the Court finds the negligible difference in remedies sought does not require a finding that the suits are not parallel.

## II. *Balancing the Non–Exclusive Abstention Factors*

### A. *Inconvenience of Federal Forum*

Covance argues that the state court, rather than the federal court, is an inconvenient forum. Specifically, Covance contends that because the bulk of the evidence and witnesses are located in this Court's jurisdiction, the federal forum is more convenient than the Wisconsin state forum. This Court cannot agree.

Covance alleges that Orantes had access to confidential and trade secret information, including financial data, strategic planning reports and analyses, operational guides, facility planning reports, business and operations plans, testing protocols, cost models, and employment information

such as salary levels. Additionally, Covance highlights Orantes's ability to access "*standard* operating procedures" and "*global* pricing models." The names and nature of the specific documents to which Covance requests access hint that the content of those documents are universally accessible within the company's nationwide offices. Hence, this Court cannot find that the aforementioned documents regarding this matter are maintained solely in Covance's Vienna, Virginia location, rather than its Madison, Wisconsin headquarters. Moreover, even assuming this Court exercised jurisdiction over this matter, and assuming such documentary evidence were located solely in Virginia, the federal forum may still pose significant burdens on the Plaintiff. Because the documents Covance alleges Orantes had access to are indisputably within the custody and control of Covance, the Plaintiff would remain bound to produce any relevant documentary evidence from its Virginia facility in the parallel Wisconsin state action.

Similarly, this Court finds Covance's argument that the federal forum is inconvenient because the witnesses are in Virginia equally unavailing. Plaintiff acknowledges that 12 out of the 32 projects for which Orantes was responsible were primarily located outside of the Virginia facility, and Orantes spent at least 25% of his time in Wisconsin. Moreover, Covance avers that Orantes was a member of key leadership teams that addressed "business strategies on a national scope," and those leadership teams were comprised of "the highest-level of management." Hence, we cannot find the Wisconsin state forum inconvenient when Orantes participated in senior management business strategies of a nation wide scope.[3]

---

**3.** Covance also argues that the federal forum is inconvenient because Gene Logic is ·outside

of Wisconsin's subpoena powers. This Court rejects that argument on the grounds that

In sum, this Court finds that, because Orantes's supervisors and a significant portion of the documentary evidence are located in the corporate headquarters in Madison, Wisconsin, a federal forum located more than 800 miles away in Maryland cannot weigh in favor of the federal forum as more convenient.

### B. Desirability of Avoiding Piecemeal Litigation /Whether Federal Law is Implicated

The Fourth Circuit has clearly emphasized that "[t]he threat of inconsistent results and the judicial inefficiency inherent in breach of contract litigation ... are not enough to warrant abstention." *Gannett*, 286 F.3d at 744. Instead, *Colorado River* abstention is appropriate, if "the retention of jurisdiction [creates] the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation" and the action is "particularly ill-suited for resolution in a federal forum." *Id.* This action presents exceptional issues of inconsistent results and judicial inefficiencies beyond those inherent in parallel litigation.

The state court in Wisconsin has the far better position to analyze unique issues of Wisconsin law. Wisconsin courts have expressed their desire to review disputes concerning non-compete agreements arising under Wisconsin law. *See Beilfuss v. Huffy Corp.*, 685 N.W.2d 373, 378 (Wis. App.2004) (stating that "[i]t is logical to have a court familiar with Wisconsin's statutory and common law covering covenants not to compete apply the law rather than a court in another forum, which is unfamiliar

with Wisconsin's law or public policy supporting the law"). Moreover, Wisconsin public policy concerning covenants not to compete allows for the entire agreement to be unenforceable, whereas the local Maryland law allows for selective enforcement of restrictive covenants. *See* Wis. Stat. § 103.465.

Additionally, this litigation poses no question of federal law, a factor which "points forcefully toward abstention." *Automated Syst. and Programming, Inc.*, 176 F.Supp.2d at 463. Here, Covance alleges that Orantes breached a contract that expressly states that it is governed by, and should be construed in accordance with, the law of Wisconsin. Similarly, Covance's inclusion of a MUTA claim does not raise a federal issue.[4] Therefore, given the desire of the Wisconsin courts to interpret their own public policy regarding restrictive covenants, as well as the distinctions between non-compete agreements in Maryland and Wisconsin, and the absence of any issue of federal law, this Court concludes that such circumstances create unique concerns regarding inconsistent results and judicial inefficiencies.

### C. Order in which Jurisdiction Obtained

Covance argues that far more progress has been made in the instant case than in the Wisconsin action. However, in the instant action the pleadings before this Court relate specifically to Covance's TRO and a scheduled preliminary injunction hearing. As to the underlying merits of

---

because Gene Logic and Orantes are both parties to the Wisconsin state court action, and have voluntarily submitted themselves to that court's jurisdiction, the Wisconsin state court may properly exercise its power of subpoena.

4. This Court notes that, with respect to Covance's MUTA claim, all is not lost by granting abstention. An identical claim can be brought as a counter-claim in the pending Wisconsin action under Wisconsin's substantively identical Uniform Trade Secrets Act. *See* Md.Code Ann., Com. Law II § 11–1208; cf. Wis. Stat. Ann. §§ 134.90(1)—134.90(6).

Covance's breach of contract and MUTA claims, there is no discovery pending nor are hearings scheduled. In contrast, the Defendants have a pending motion for summary judgment in the Wisconsin action regarding the validity of the restrictive covenant in the Agreement. Hence, the relative parity of progress between the two positions does not counsel in favor of denying abstention.

### D. Adequacy of State Court Proceedings

Lastly, this Court rejects Covance's argument that its rights would not be protected by the Wisconsin state courts. Covance's argument that the Wisconsin court is incapable of adjudicating Covance's claim under MUTSA is unavailing. Under Maryland misappropriation of trade secrets law, MUTSA "shall be applied and construed to effectuate its general purpose and to *make uniform* the law with respect to the subject of this subtitle among states enacting it." Md.Code Ann., Com. Law II § 11–1208 (emphasis added). Similarly, Wisconsin has a substantively identical Uniform Trade Secrets Law. *See* Wis. Stat. 134.90(7). Moreover, the Court finds that Covance's claim under MUTSA poses no issue that the Wisconsin court is not fully capable of resolving. In contrast, the instant action presents this Court with an issue—the validity of a non-compete agreement under Wisconsin state law—distinctly tied to the State of Wisconsin. Therefore, the Wisconsin state court forum is adequate to resolve this matter.

### III. *Issuance of Relief*

Finally, this Court must resolve the issue of the proper relief—dismissal or stay—in accord with our decision to abstain. In *Quackenbush*, the Supreme Court held "that in a suit seeking only money damages, a federal court may in-voke abstention principles only for the purposes of staying the action. . . ." *Id.* at 721, 116 S.Ct. 1712. On the other hand, when the relief sought is equitable in nature, a district court may "decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." *Id.* Here, the present action presents a rather "mixed-bag;" because the Plaintiff seeks both damages and injunctive relief. Nevertheless, this action is not solely equitable in nature, and the Supreme Court has charged district courts to wade cautiously in proceeding through the thicket of abstention doctrine; the Supreme Court reminds district courts that "an Order merely staying the action does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." *Id.* The Court will therefore stay the action.

### CONCLUSION

For the reasons aforementioned, this Court finds exceptional circumstances warrant issuing a stay, pursuant to the *Colorado River* abstention doctrine, to allow the parallel action in Wisconsin to continue forward. Therefore, this Court will GRANT the Defendant's Motion for Abstention, and these proceedings are STAYED pending resolution of ongoing legal proceedings between the parties in the state courts of Wisconsin. At such time as it appears that the Wisconsin state courts are unable to provide complete relief to Covance (assuming Covance is entitled to it), the case may be revived by this Court. Given the uncertainty of the length of the stay, the Court will enter an Order administratively closing the case. An Order consistent with this Opinion shall follow.