# STATE OF MICHIGAN

# COURT OF APPEALS

---

SUMMIT DIAMOND BRIDGE LENDERS, LLC,

       Plaintiff-Appellant,

v

PHILIP R. SEAVER TITLE COMPANY, INC.,
also known as PRS ASSETS, INC.,

       Defendant-Appellee.

UNPUBLISHED
December 22, 2016

No. 326679
Oakland Circuit Court
LC No. 2014-143557-CK

---

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) (agreement to litigate in a different forum) in this case involving an alleged breached of fiduciary duty. Plaintiff is a limited liability company located in Royal Oak, Michigan, and defendant is a corporation located in Bloomfield Hills, Michigan. We reverse and remand for the reasons stated in this opinion.

## I. BACKGROUND FACTS

In 2010, Diamond Heroes of Southeastern Michigan, LLC sought funding to construct a park in Waterford, Michigan. Citywide Lending Group International, a California based entity, offered to provide Diamond Heroes a $12 million construction loan, but required Diamond Heroes to pay $676,000 as a "Collateral Commitment Deposit."[1] In June 2010, plaintiff was formed to provide a "bridge loan" to Diamond Heroes to pay the required collateral. In exchange, plaintiff sought security in the form of a "Stand-By Letter of Credit."

In order to effectuate the transaction, plaintiff, Diamond Heroes, Citywide, and defendant entered into an escrow agreement in which defendant was the escrow agent. According to plaintiff, the escrow agreement provided that plaintiff's funds were not to be disbursed until defendant received the "Stand-By Letter of Credit," and that each party was to indemnify the

---

[1] According to plaintiff, it "was eventually requested to raise $700,000.00 in funds, and Plaintiff's members did in fact raise the said funds."

others for any claims or damages arising out of or in connection with an instrument used in the transaction. The agreement also provided that "[a]ny dispute arising from or related to this Agreement, shall be governed by, and subject to, the laws of the State of California and shall be handled by the appropriate state or federal court located in California."

Defendant received a document purporting to be the letter of credit, but did not approve it because it believed the document to be a copy and not an original. According to plaintiff, the document was never verified and the letter of credit was never approved. Defendant disbursed plaintiff's $700,000 loan to Citywide and another party. Plaintiff brought this action in circuit court alleging defendant breached its fiduciary duty as escrow agent of the loan funds by dispersing the funds without an approved letter of credit.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8). Defendant argued that dismissal was appropriate because plaintiff failed to join Citywide as an essential party. Defendant also argued that the parties agreed to unambiguous choice-of-law and forum-selection clauses that the court should enforce. Plaintiff responded that while defendant sought to enforce the forum-selection clause, it failed to address the choice-of-law provision, which requires California law govern any disputes. Plaintiff argued that pursuant to the choice-of-law provision, California law governs the validity of the forum-selection clause, and California law requires that this case be brought in Michigan.

The trial court concluded that plaintiff's claim was actually one for breach of contract and that MCR 2.116(C)(7) was the controlling rule when seeking summary disposition based on "an agreement to . . . litigate in a different forum." In rejecting plaintiff's argument that defendant did not agree to submit to California jurisdiction, the court concluded that California "has a long history of enforcing contractual forum-selection clauses." The court also concluded that the exceptions set forth in MCL 600.745(3) did not apply, and declined to invoke the doctrine of forum non conveniens. Finally, the court noted that plaintiff failed to "include" Citywide, a California entity, as a party to this suit and that as a result, "it is disingenuous for Plaintiff to characterize this dispute as having no connection to California."

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's grant of summary disposition, as well as a trial court's jurisdictional rulings." *Turcheck v Amerifund Fin*, 272 Mich App 341, 344-345; 725 NW2d 684 (2006). "With regard to a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court reviews the affidavits, pleadings, and other documentary evidence presented by the parties and 'accept[s] the plaintiff's well-pleaded allegations, except those contradicted by documentary evidence, as true.' " *Young v Sellers*, 254 Mich App 447, 450; 657 NW2d 555 (2002), quoting *Novak v Nationwide Mut Ins, Co*, 235 Mich App 675, 681; 599 NW2d 546 (1999) (alteration in *Young*).

The "legal effect of a contractual clause is a question of law that we [also] review de novo." *Turcheck*, 272 Mich App at 345.

III.  ANALYSIS

A.  PROPER FORUM

The overarching question in this case is whether the trial court properly enforced the forum-selection clause contained in the parties' escrow agreement.  In Michigan, public policy favors the enforcement of such clauses and, absent certain exceptions[2], courts will do so.  *Id*. at 345-346.  Plaintiff claims, however, that the forum-selection clause's enforceability must be decided pursuant to California law and that a California court would refuse to hear the case.  Defendant argues that the forum-selection clause is enforceable pursuant to the law of either jurisdiction, Michigan or California.

The question of which jurisdiction's law applies originates from the choice-of-law provision contained in the escrow agreement.  That clause provides that California law governs any dispute arising from or related to the escrow agreement.  The parties also designated the state of California in the agreement's forum-selection clause.  In *Turcheck*, this Court considered the issue of whether the enforceability of a forum-selection clause should be determined by using the law of the jurisdiction selected in the choice-of-law provision or whether it should be determined pursuant to Michigan law. [3]  However, the *Turcheck* Court never reached the issue, having determined that the forum-selection clause was enforceable under either jurisdiction involved.  *Id.* at 348.  The same is not true in the case at hand.

1.  CALIFORNIA LAW

The Supreme Court of California has stated, "No satisfying reason of public policy has been suggested why enforcement should be denied a forum selection clause appearing in a contract entered into freely and voluntarily by parties who have negotiated at arm's length." *Smith, Valentino & Smith, Inc v Superior Court*, 17 Cal 3d 491, 495-496; 131 Cal Rptr 374; 551 P 2d 1206 (1976).  Thus, in California, "forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable."  *Id*. at 496.  A forum-selection clause is unreasonable if "the forum selected would be unavailable or unable to accomplish substantial justice." *CQL Original Prods, Inc v Nat'l Hockey League Players' Ass'n*, 39 Cal App 4th 1347, 1354; 46 Cal Rptr 2d 412 (1995).  To be reasonable, "the choice of forum requirement must have some rational basis in light of the facts underlying the transaction."  *Id*.  But inconvenience must not factor into the reasonability determination, because it is assumed that the party considered this factor when it contracted.  *Smith*, 17 Cal 3d at 496.  However, "a forum selection clause will not be enforced if

---

[2] See MCL 600.745(3)(a)-(e).

[3] *Turcheck*, 272 Mich App at 346, n 2 quoting *Beilfuss v Huffy Corp*, 274 Wis 2d 500, 506-507; 685 NW2d 373 (2004) ("describing the decision whether to construe a contract's forum-selection clause and choice-of-law provision together or independently as 'the classic conundrum' ").

to do so will bring about a result contrary to the public policy of the forum." *CQL*, 39 Cal App 4th at 1354.

When the circumstances are reversed, i.e., when the parties have indicated California as their forum of choice in a forum-selection clause, California has a statute which applies. Cal Code Civ Proc § 410.40 provides, in relevant part, as follows:

> Any person may maintain an action or proceeding in a court of this state against a foreign corporation or nonresident person where the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of California law has been made in whole or in part by the parties thereto and which (a) is a contract, agreement, or undertaking, contingent or otherwise, relating to a transaction involving in the aggregate not less than one million dollars ($1,000,000), and (b) contains a provision or provisions under which the foreign corporation or nonresident agrees to submit to the jurisdiction of the courts of this state.

Under this provision, a plaintiff is precluded from bringing suit against a defendant who is a foreign corporation unless (1) the action involves an agreement "for which a choice of California law has been made," (2) the agreement relates to a transaction involving at least $1,000,000, and (3) the agreement contains a provision whereby the foreign corporation "agrees to submit to the jurisdiction of the courts of this state."

Here, there is no dispute that defendant is a Michigan corporation, and thus, as it relates to California law, a "foreign corporation." The cause of action here also involves an agreement "for which a choice of California law has been made." Specifically, the escrow agreement provided that "[a]ny dispute arising from or related to this Agreement, shall be governed by, and subject to, the laws of the State of California . . . ." However, the agreement does not relate to a transaction involving at least $1,000,000, because defendant only agreed to hold in escrow $700,000 of plaintiff's funds. Further, this Court cannot conclude that a California court would find that defendant agreed "to submit to the jurisdiction of" the California courts, because, as discussed below, California law is not settled on the subject.

Plaintiff argues that under California law, forum-selection is not the same as a consent to jurisdiction, and cites *Global Packaging, Inc v The Superior Court*, 196 Cal App 4th 1623, 1627; 127 Cal Rptr 3d 813 (2011), in support. In *Global*, the agreement provided, in relevant part, that "Any controversy or claims arising out of or relat[ ] to this Agreement shall be venued only in the state or federal court in and [ ] (a) Orange County, California." *Id.* (alteration in *Global Packaging*). A dispute arose between Global Packaging, located in Pennsylvania, and Epicor Software, a Delaware corporation with its principal place of business in California, regarding the payment of licensed software. *Id.* Suit was brought in California by Epicor. "Global Packaging moved to quash service of summons," arguing that California had no jurisdiction over it because the forum-selection clause did not constitute a consent to personal jurisdiction, and it did not otherwise submit to jurisdiction. *Id.* at 1627-1628. The trial court denied the motion and held that the clause "was an enforceable forum-selection clause that, by implication, included a consent to jurisdiction." *Id.* at 1628. The California Court of Appeal disagreed. The court found that in "the forum-selection-clause context, forum and jurisdiction are distinct concepts

-4-

with different legal implications." *Id.* at 1633. The appellate court held: "Given the crucial role played by limits on jurisdiction in the American legal system, and in particular their importance as a preserver of individual liberty, we cannot agree that consenting to a location in and of itself carries with it a consent to personal jurisdiction." *Id.* at 1632. Thus, it held that an agreement to litigate in a certain forum does not imply an agreement to submit to the jurisdiction of that forum when personal jurisdiction is otherwise absent. *Id.* at 1632.

In contrast to *Global*, defendant cites *Berard Constr Co v Muni Court*, 49 Cal App 3d 710, 713; 122 Cal Rptr 825 (1975). In *Berard*, there were two agreements. The first agreement with defendant Berard Construction Company provided in relevant part, "[t]his lease is executed in Los Angeles, California, and shall be construed under the laws of the State of California, And the parties hereto agree that any action relating to this lease shall be instituted and prosecuted in the courts in Los Angeles County and each party waives the right to change of venue." *Id.* at 720-721. The trial court found this clause to be "a venue provision, not a jurisdiction provision." *Id.* at 721. The California Court of Appeal disagreed, holding that "[t]he provision that 'any action relating to this lease shall be instituted and prosecuted in the courts in Los Angeles County' is an unequivocal consent to the jurisdiction of the California courts." *Id.* The second agreement with defendant Rene J. Berard, president of defendant Berard Construction Company, provided in part, "(t)his guaranty shall be governed by and construed in accordance with the laws of the State of California." *Id.* at 723. In this second instance, the California court of appeal agreed with the trial court and held "[t]his provision does not constitute a consent to jurisdiction." *Id.* Defendant argues that the language of the clause in the instant case is similar to the language in the agreement with defendant Berard Construction Company, such that a California court would hold that the instant clause was an agreement to submit to personal jurisdiction in California.

The forum-selection clause in the instant case, the *Global* case and the *Berard* case contain similar language. Each clause contains the all-inclusive term "any," *Title Ins & Trust Co v Co of Riverside*, 48 Cal 3d 84, 94; 767 P2d 1148 (1989), and the mandatory term "shall," *City & Co of San Francisco v Boyd*, 22 Cal 2d 685, 704; 140 P2d 666 (1943). Each clause also employs "arising from or related to" language and references the action, dispute or claim being instituted, handled, prosecuted or venued in a California court system.

The parties have correctly analyzed the effect of their cited case law on the case before this Court. We agree with plaintiff, that under *Global*, it is reasonable to assume that the instant forum-selection clause would not equate to an agreement to submit to personal jurisdiction. Under *Global*, the clause would only be an agreement to litigate in a certain forum. *Id.* at 1632. However, we also agree with defendant, that under *Berard*, it would be reasonable to assume that the instant clause would be an "unequivocal consent" to the jurisdiction of the California court system. 49 Cal App 3d at 723. Similar to *Berard*, the clause here provides that any dispute related to the agreement is subject to the laws of California and is to be handled by a California court.

The contradictory holdings in *Global* and *Berard* are able to coexist because "there is no horizontal stare decisis in the California Court of Appeal." *Sarti v Salt Creek Ltd*, 167 Cal App 4th 1187, 1193; 85 Cal Rptr 3d 506 (2008). "A decision of a court of appeal is not binding in the courts of appeal. One district or division may refuse to follow a prior decision of a different

district or division, for the same reasons that influence the federal Courts of Appeals of the various circuits to make independent decisions...." *McCallum v McCallum*, 190 Cal App 3d 308, 315 n 4; 235 Cal Rptr 396, 400 (1987) citing 9 Witkin Cal Procedure (3d ed 1985) Appeal, § 772, pp 740–741. Given the state of the law there, we question whether *Global* would have been decided differently had it been filed in the third division, instead of the fourth, and vice versa with *Berard*. In California, appellate cases may hold precedential value, "the only qualifications being that the relevant point in the appellate decision must not have been disapproved by the California Supreme Court and must not be in conflict with another appellate decision." *Sarti*, 167 Cal App 4th at 1193. *Global* and *Berard* however, clearly conflict. The *Global* court recognized this, noting that *Berard* existed and held the opposite. *Global*, 196 Cap App 4th at 1632, n 10. When appellate decisions conflict, "the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions." *Auto Equity Sales, Inc v Superior Court of Santa Clara Co*, 57 Cal 2d 450, 456; 369 P2d 937 (1962). Under this case law, we cannot predict how a California trial court would interpret the forum selection clause.

While the question of whether the instant clause here was a consent to personal jurisdiction remains unanswered, there is, in any event, an undisputed jurisdictional amount of one million dollars that has not been met. Accordingly, because the escrow agreement is not "relat[ed] to a transaction involving in the aggregate not less than one million dollars," the parties cannot maintain this action in California. Cal Code Civ Proc § 410.40. Because "the forum selected would be unavailable or unable to accomplish substantial justice," the forum-selection clause would be unreasonable and unenforceable. *CQL Original Prods*, 39 Cal App 4th at 1354.

## 2. MICHIGAN LAW

Michigan courts favor enforcement of contractual forum selection clauses with few exceptions. "The exceptions to this rule are stated in MCL 600.745(3)(a)-(e), and unless one of the statutory exceptions applies, Michigan courts will enforce a forum-selection clause as written." *Turcheck*, 272 Mich App at 348.

MCL 600.745(3) provides as follows:

If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:

(a) The court is required by statute to entertain the action.

(b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.

(c) The other state would be a substantially less convenient place for the trial of the action than this state.

-6-

(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.

(e) It would for some other reason be unfair or unreasonable to enforce the agreement.

Plaintiff contends that the trial court should not have dismissed the action because the factors outlined in subdivisions (b), (c), (d), and (e) are all present in this case. Both parties argue that § 745(3)(b) applies in their favor. As noted above, plaintiff cannot secure effective relief in California because the parties' action fails to meet the threshold jurisdictional amount required to maintain an action against a foreign corporation in a California court. Further, whether the forum clause here is also an agreement to submit to the jurisdiction of the California courts is debatable, such that this Court cannot hold with certainty that plaintiff would secure effective relief there.

As to § 745(3)(c), plaintiff argues that litigating this case in California would be substantially less convenient than litigating it in a Michigan court, asserting that both parties to the suit, most witnesses, and all evidence are located in Michigan. This Court has held that

> inconvenience, insofar as it is within the contemplation of the parties at the time of contracting, should not render a forum-selection clause unenforceable. Where the inconvenience of litigating in another forum is apparent at the time of contracting, that inconvenience is part of the bargain negotiated by the parties. Allowing a party who is disadvantaged by a contractual choice of forum to escape the unfavorable forum-selection provision on the basis of concerns that were within the parties' original contemplations would unduly interfere with the parties' freedom to contract and should generally be avoided. [*Turcheck*, 272 Mich App at 350.]

Plaintiff makes a cogent argument that California would be a substantially less convenient place for trial than Michigan. However, the reasons cited are all things the parties would have been aware of at the time they entered into the escrow agreement. In other words, nothing happened after the parties entered into the agreement that would render California more inconvenient now than it was when the agreement was made.

As for § 745(3)(d), plaintiff argues that "Citywide was a completely phoney [sic] operation created and designed for the purpose of stealing money" and that the clause should not be enforced because at the time of contracting, the parties believed that all of the transacting entities were legitimate businesses. Plaintiff never argues, or even suggests, that the forum-selection clause itself (or, for that matter, escrow agreement) was entered into by means of fraud. Plaintiff cites no authority for the proposition that the alleged fraudulent nature of Citywide renders the negotiated agreement fraudulent. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims . . . .").

-7-

We conclude that the escrow agreement's forum-selection clause cannot be enforced because at least one of the statutory exceptions applies in MCL 600.745(3).

## B. CITYWIDE

Although the question of whether Citywide was an essential party was not dispositive below, we provide the following direction for purposes of remand.

MCR 2.205(A) provides the pertinent law:

> Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

"The purpose of the rule is to prevent the splitting of causes of action and to ensure that all parties having a real interest in the litigation are present." *Mason Co v Dep't of Community Health*, 293 Mich App 462, 489; 820 NW2d 192 (2011). "[W]here a party's presence in the action is not essential to the court rendering complete relief, factors such as judicial economy or avoidance of multiple litigation are not enough to compel joinder." *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 96; 535 NW2d 529 (1995).

Here, defendant contends that it has the right under the escrow agreement to seek indemnification from Citywide should defendant be found liable in this lawsuit. The determination of whether Citywide must indemnify defendant is not the same legal question as is raised in the instant cause of action, which is whether defendant breached its fiduciary duty owed to plaintiff. Citywide's legal status has nothing to do with answering this question. Thus, Citywide's "joinder is not essential to a determination of the rights and obligations between plaintiff[] and [defendant], nor to permit the court to render complete relief." *Id.* at 96-97.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens