2017 ND 288

**Dawn OSBORNE, Plaintiff and Appellant**

v.

**BROWN & SAENGER, INC., Defendant and Appellee**

No. 20170254

Supreme Court of North Dakota.

Filed 12/7/2017

Joel M. Fremstad, Fargo, N.D., for plaintiff and appellant.

Vanessa L. Lystad (argued) and Robert J. Udland (on brief), Fargo, N.D., for defendant and appellee.

Tufte, Justice.

[¶ 1] Dawn Osborne appeals from the district court's order granting Brown & Saenger, Inc.'s motion to dismiss for improper venue. We reverse under N.D.C.C. § 28-04.1-03(5), concluding the forum-selection clause in the parties' employment agreement violates North Dakota's public policy against non-compete agreements. The non-compete clause is unenforceable under N.D.C.C. § 9-08-06 to the extent it limits Osborne from exercising a lawful profession, trade, or business in North Dakota.

I

[¶ 2] In 2011, Brown hired Osborne as a sales representative in its Fargo office to sell office supplies to businesses. Brown is headquartered in South Dakota, but operates as a foreign business corporation in North Dakota. Osborne signed yearly employment contracts with Brown. The parties agree that the 2015 Employment Agreement is the controlling contract for this action, and it was the only one brought before the district court.

[¶ 3] The two clauses at issue in deciding the motion to dismiss are the "Agreement Not to Compete" ("non-compete clause") and the "Choice of Law/Forum" clauses.

The non-compete clause states, in relevant part:

> [E]mployee agrees not to engage directly or indirectly, either personally or as an employee, associate, partner, or otherwise, or by means of any corporation or other legal entity, or otherwise, in any business in competition with Employer and, in addition, not to solicit customers of Employer for Employee's own benefit or for the benefit of any third party, during the term of employment and for a period of two (2) years from the last day of employment, within a 100 mile radius of employment location.

The "Choice of Law/Forum" clause states: "The parties agree that this agreement is governed by the laws of the State of South Dakota and that the state circuit court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any disputes relating to this Agreement."

[¶ 4] In January 2017, Brown terminated Osborne. Osborne sued Brown, alleging retaliation, improper deductions, and breach of contract. Osborne also sought a declaratory judgment declaring the non-compete clause to be void. Osborne moved for a preliminary injunction seeking to prevent Brown from enforcing the covenant-not-to-compete against her. Brown responded to that motion and moved to dismiss the action for improper venue. Brown argued the forum-selection clause in the employment agreement was valid and therefore a North Dakota court was an improper venue. Brown argued that the clause required the case to be heard by the South Dakota court specified in the agreement. The district court, without ruling on the motion for preliminary injunction, agreed with Brown and granted the motion to dismiss.

[¶ 5] Additionally, Brown has sued Osborne in the state circuit court situated in Minnehaha County, South Dakota, seeking a preliminary injunction against Osborne restricting her actions under the non-compete clause.

## II

[¶ 6] We have not previously addressed the standard of review of a district court's granting of a N.D.R.Civ.P. 12(b)(3) motion on the basis of a forum-selection clause. Because Rule 12 is derived from Fed.R.Civ.P. 12, we view federal interpretations of Fed.R.Civ.P. 12(b)(3) as highly persuasive authority. *See Unemployment Comp. Div. v. Bjornsrud*, 261 N.W.2d 396, 398 (N.D. 1977) ("[W]hen we adopted the Federal Rules of Civil Procedure we did so with knowledge of the interpretations placed upon them by the Federal courts, and although we are not compelled to follow those interpretations, they are highly persuasive and, in the interest of uniform interpretation, we should be guided by them.").

[¶ 7] The Second Circuit U.S. Court of Appeals has adopted the following standard of review:

> Where the district court has relied on pleadings and affidavits to grant a Rule 12(b)(3) motion to dismiss on the basis of a forum selection clause, our review is *de novo.* We view all facts in the light most favorable to the plaintiff when determining whether the plaintiff has made a prima facie showing that venue is proper. Issues of contract interpretation are reviewed *de novo.*

*Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011) (quotations and citations omitted). Other circuits agree that this issue requires *de novo* review. *See Rucker v. Oasis Legal Finance, L.L.C.*, 632 F.3d 1231, 1235 (11th Cir. 2011); *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 209 (4th Cir. 2007); *Continental Ins. Co. v. M/V ORSULA*, 354

F.3d 603; 606-07 (7th Cir. 2003). Accordingly, we apply *de novo* review to the district court's dismissal for improper venue on the basis of a forum-selection clause.

### III

[¶ 8] Osborne argues the district court erred by granting Brown's motion to dismiss for improper venue, because the forum-selection clause in her employment agreement is unenforceable under North Dakota law and selection of a foreign forum would be unreasonable.

[¶ 9] "If the parties have agreed in writing that an action on a controversy may be brought only in another state and it is brought in a court of this state, the court will dismiss or stay the action, as appropriate, unless ... 5. It would for some other reason be unfair or unreasonable to enforce the agreement." N.D.C.C. § 28-04.1-03; *see also Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)) (stating that "forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid"). A forum-selection clause "may be set aside if enforcement would contravene a strong public policy of the forum in which suit is brought." *Servewell Plumbing*, 439 F.3d at 790 (quotation omitted).

[¶ 10] Osborne argues that it would be unfair or unreasonable to enforce the forum-selection clause, because Brown would be allowed to violate North Dakota's strong public policy against non-compete agreements. Osborne argues that N.D.C.C. § 9-08-06 provides for such strong public policy. Section 9-08-06, N.D.C.C., states, in relevant part: "Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void." Osborne's argument assumes the South Dakota court would not apply North Dakota law, and North Dakota public policy against non-compete agreements is stronger than other public policies codified in statute.

[¶ 11] Osborne contends that a South Dakota court would almost certainly apply its own law, which generally permits non-compete agreements, allowing Brown to circumvent § 9-08-06 by utilizing a forum-selection clause. In *Lapolla*, the Court of Appeals of Georgia ruled on a similar conflict between a forum-selection clause and a non-compete clause. *Lapolla Industries, Inc. v. Hess*, 325 Ga.App. 256, 750 S.E.2d 467, 476 (2013). The forum-selection and choice-of-law clauses in *Lapolla* required the application of Texas law in a Texas court. *Id.* The parties advocating against their enforcement showed that it was likely that a Texas court would enforce the choice-of-law clauses and apply Texas law enforcing the covenants-not-to-compete. *Id.* Because these covenants were unenforceable under Georgia law and public policy, and the Court of Appeals of Georgia concluded it was likely that a Texas court applying Texas law would enforce the covenants, the court upheld the trial court's refusal to enforce the forum-selection and choice-of-law clauses. *Id.* (stating the parties had made "the necessary showing that a Texas court would likely apply Texas law to enforce the covenants in a manner contrary to applicable Georgia public policy").

[¶ 12] We agree with Osborne that § 9-08-06 may be circumvented if the forum-selection clause is held enforceable. First, the employment contract has a choice-of-law provision requiring South Dakota law to be used. Second, South Dakota law permits limited covenants-not-to-compete. *See* S.D. Codified Laws § 53-9-11; *Centrol, Inc. v. Morrow*, 489 N.W.2d 890, 893-94 (S.D. 1992). Third, the record indicates

that in 2012, the state circuit court in Minnehaha County, South Dakota, granted Brown a preliminary injunction against another of its former North Dakota employees, preventing that employee from competing with Brown in North Dakota.

[¶ 13] The relevant portion of § 9-08-06 cited above was drawn from the Field Code and originally enacted as a part of the Dakota Territory Civil Code of 1865. *Werlinger v. Mutual Service Cas. Ins. Co.*, 496 N.W.2d 26, 30 (N.D. 1993). Under § 9-08-06 (or its previous versions), we have consistently held covenants-not-to-compete to be unenforceable. *See, e.g., Spectrum Emergency Care, Inc. v. St. Joseph's Hosp. and Health Center*, 479 N.W.2d 848, 851-52 (N.D. 1992) (restrictions on physicians void); *Werlinger*, 496 N.W.2d at 30 (non-compete clause against insurance agent void); *Olson v. Swendiman*, 62 N.D. 649, 244 N.W. 870, 871 (1932) (dentist's covenant-not-to-compete held invalid). We have rejected attempts to lessen the effect of § 9-08-06. *See Warner and Co. v. Solberg*, 2001 ND 156, ¶¶ 17-18, 634 N.W.2d 65 (refusing to follow decisions of other jurisdictions that have allowed less burdensome restrictions to survive under § 9-08-06 or a similar statute). The legislature has declined to enact an exception for non-compete agreements with limited duration and scope. *See, e.g.,* S.D. Codified Laws § 53-9-11 (allowing non-compete agreements limited in duration and scope). We have previously stated that § 9-08-06 "represents one of the oldest and most continuous applications of public policy in contract law." *Earthworks, Inc. v. Sehn*, 553 N.W.2d 490, 493 (N.D. 1996). Thus, we conclude that North Dakota has a strong public policy against non-compete agreements.

[¶ 14] Section 28-04.1-03(5) prevents enforcement of a forum-selection clause if enforcement would be unfair or unreasonable. Here, enforcement of the forum-selection clause would be unfair and unreasonable because it would facilitate enforcement of the non-compete clause in a foreign court to restrain competition by North Dakotans in North Dakota. Thus, the forum-selection clause is unenforceable because the non-compete clause is unenforceable: another state's forum applying that state's law to the non-compete clause would violate North Dakota's public policy against non-compete agreements.

[¶ 15] The Court of Appeals of Wisconsin came to a similar conclusion. In *Beilfuss*, Huffy Corporation, an Ohio company, notified its former employee, a Wisconsin resident, that he was in violation of his employment agreement. *Beilfuss v. Huffy Corp.*, 2004 WI App 118, ¶ 2, 274 Wis.2d 500, 685 N.W.2d 373. This agreement contained restrictive covenants governing confidential information and noncompetition. *Id.* After the employee moved for a declaratory judgment declaring the restrictive covenants unenforceable, the Wisconsin trial court granted Huffy's motion to dismiss, enforcing the choice-of-law and forum-selection clauses requiring the application of Ohio law in an Ohio court. *Id.* at ¶¶ 3, 5. On appeal, the Court of Appeals of Wisconsin reversed the trial court, concluding that the choice-of-law and forum-selection clauses violated Wisconsin's public policy against non-compete agreements. *Id.* at ¶ 20. Specifically regarding the forum-selection clause, the court concluded that a Wisconsin court would be more familiar with Wisconsin's law and public policy on non-compete agreements than another forum would be. *Id.* at ¶ 18.

[¶ 16] Simply put, one may not contract for application of another state's law or forum if the natural result is to allow enforcement of a non-compete agreement in violation of North Dakota's longstanding and strong public policy against

non-compete agreements. Because North Dakota has an interest in protecting this public policy from evasion and North Dakota courts are more familiar with North Dakota law and public policy on non-compete agreements, we hold the Choice of Law/Forum clause is unenforceable in the context of Osborne's declaratory judgment claim. Further, we hold that the non-compete clause is unenforceable under § 9-08-06 to the extent it limits Osborne from exercising a lawful profession, trade, or business in North Dakota.

IV

[¶ 17] We reverse the district court's order granting Brown's motion to dismiss for improper venue and remand for further proceedings consistent with this opinion.

[¶ 18] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Gerald W. VandeWalle, C.J.